FLORA MEYERS, Appellant, *v.* MRS. GREGANS, Respondent.

[Submitted Feb. 3, 1898.   Decided Feb. 14, 1898.]

*Justice's   Court—Appeal   from—Dismissal—Discretion.*

Section 1762 Code of Civil Procedure relating to appeals from justice's courts, provides that the justice, upon receiving notice of appeal and the undertaking required by law, must within ten days, upon payment of the proper fees, transmit to the clerk of the District Court, a certified copy of his docket, the pleadings and other papers. *Held*, that the justice was not obliged to make out the papers until his fees had been paid or tendered; and that, where it appears that appellant, without any excuse for his delay, did not file the transcript until 32 days after judgment, and 31 days after giving notice of his appeal, an order dismissing the appeal was properly granted and was not an abuse of discretion.

*Appeal from District Court, Silver Bow County. John Lindsay, Judge.*

Action by Flora Meyers against Mrs. Gregans, commenced before a justice of the peace, and taken on appeal to the District Court.    From a judgment dismissing the appeal, plaintiff appeals.    Affirmed.

Statement of the case by the court.

This suit was commenced before a justice of the peace in Silver Bow township, Silver Bow county, and on the 16th day of July, 1897, judgment was rendered by the justice in favor of the defendant.    From this judgment, the plaintiff appealed to the District Court.

The plaintiff served notice of her appeal on the defendant on the 17th day of July, and on the same day executed an appeal bond.    The notice of appeal was filed with the justice on the 19th day of July, and the transcript of the justice was not filed in the District Court until the 17th day of August thereafter, which was 32 days after the rendition of the judgment by the justice, exclusive of the day of rendering the same.    No fees for making out and transmitting the trans-

cript to the District Court by the justice were paid or tendered to him until August 17th, being the day the transcript was filed in the District Court. After filing the transcript in the District Court, the defendant moved for a dismissal of the appeal, on the ground that the appeal was not taken or perfected within 30 days after the rendition of the judgment therein by the justice. The attorney for the plaintiff filed an affidavit in the District Court, in which he admitted that the appeal was not taken and the transcript of the justice filed in the District Court within 30 days from the rendition of the judgment by the justice, and sought to excuse the failure to file the transcript within the 30 days after the rendition of said judgment.

Upon the hearing of the motion, which was opposed by the affidavit of defendant's counsel, the court sustained the same, and the appeal from the justice's court was thereupon dismissed. From the order and the judgment of the District Court dismissing the appeal, this appeal is taken.

*Miles Cavanaugh,* for Appellant.

*D. H. Kehoe,* for Respondent.

PER CURIAM.—We would be justified in dismissing this appeal as there have been no briefs filed by either party. We do not consider ourselves bound to treat cases which are thus practically ignored by the parties themselves. By treating this appeal we do not intend to establish a precedent in cases that are presented in such condition.

The action of the District Court in dismissing the appeal from the judgment of the justice of the peace is the only error assigned.

Section 1760, and that portion of Section 1762, Code of Civil Procedure, relating to appeals in such cases, are as follows :

"Section 1760. Any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may

appeal therefrom to the District Court of the county, at any time within thirty days after the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party or his attorney."

"Section 1762. Upon receiving the notice of appeal, and filing an undertaking as required in the next section, the justice or judge must, within ten days, upon the payment of the fees therefor, transmit to the clerk of the District Court a certified copy of his docket, the pleadings, all notices, motions and other papers filed in the cause, the notice of appeal, and the undertaking filed.     *     *     *"

The notice of appeal from the judgment of the justice was given the day after judgment was rendered, and the appeal bond given the same day. It is conceded that the transcript of the justice's docket was not filed in the District Court for 32 days after the date of the judgment appealed from. It was the duty of the appellant, if he wanted the justice to certify and transmit the transcript of his docket, to pay or tender the legal fees therefor. The justice was not required to perform this duty until after his fees had been paid or tendered. The appellant, in the affidavit filed in the District Court in opposition to the motion to dismiss the appeal, admits that no demand was made upon the justice for such transcript until the afternoon of the 14th day of August, and that the justice was so busy then with the trial of other cases that he could not make it out. No reason is shown why the whole of the time for perfecting the appeal and filing the transcript in the District Court was permitted to elapse without the appellant's taking some steps to have these things done. If the appellant could excusably delay the doing of these things for 32 days, why not for 100 or indefinitely? The affidavit of appellant shows laches—negligence in perfecting the appeal. The District Court passed upon the question as to whether the negligence and laches of appellant were excused or excusable, and evidently found against the appellant. This was a matter largely within the discretion of the District Court, and we

cannot say from the record that the court abused its discretion in this respect.

The judgment appealed from is affirmed.

*Affirmed.*