RAYMOND, APPELLANT, v. RAYMOND ET AL., RESPOND-
ENTS.

(No. 2,163.)

(Submitted March 7, 1905. Decided March 13, 1905.)

*Nonappealable Orders—Statute—Construction.*

Nonappealable Orders—Final Judgment—Justices of the Peace.
    1. An order of the district court, overruling a motion to dismiss an appeal to that court from a judgment of a justice of the peace, is not a final judgment, nor a special order made after final judgment, so as to be appealable under Code of Civil Procedure, section 1722, as amended by the Act of 1899 (Session Laws of 1899, p. 146).

Nonappealable Orders—Reviewed—How.
    2. If a particular order is not enumerated in the statute among those from which an independent appeal may be taken, it must be reviewed on appeal from the judgment.

"Final Judgment"—Statutes—Justices of the Peace.
    3. The "final judgment" referred to in section 1722 of the Code of Civil Procedure as amended (Session Laws of 1899, p. 146), is a judgment rendered by the district court and not that rendered by a justice of the peace from which an appeal is prosecuted.

*Appeal from District Court, Lewis and Clarke County;
Henry C. Smith, Judge.*

ACTION by Mary Raymond against Peter Raymond and others. From an order of the district court overruling a motion to dismiss an appeal to that court from a judgment of a justice of the peace, plaintiff appeals. Dismissed.

*Mr. E. A. Carleton,* for Appellant.

*Mr. C. B. Nolan,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order of the district court of Lewis and Clarke county overruling a motion to dismiss an appeal to that court from a judgment of a justice of the peace. Respondents have submitted a motion to dismiss the appeal on the ground that it does not lie. The motion must be granted, because the

order is not among those from which an appeal is allowed under the provisions of section 1722 of the Code of Civil Procedure, as amended by the Act of 1899 (Session Laws of 1899, p. 146).

Appellant has filed a somewhat elaborate brief in opposition to the motion. It is argued by him that the order is a final judgment, and appealable under section 1722, *supra.* The case of *Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83, is cited. This case is not in point, for the reason that the appeal therein was from a judgment entered on dismissal of an appeal from a judgment of the justice of the peace. This was a final disposition of the case, and hence falls clearly within the purview of the statute. The order in question here is neither in form nor effect a final adjudication of the rights of the parties, but falls under the classification designated as "intermediate orders," which must be reviewed, if at all, on appeal from the final judgment rendered in the case. (Code of Civil Proc., sec. 1742.)

Though the right of appeal in all cases is guaranteed by the Constitution, appeals are nevertheless governed by the regulations and limitations prescribed by law (*Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 70 Pac. 517); and, if the particular order is not enumerated in the statute among those from which an independent appeal may be taken, it must be reviewed on appeal from the judgment. (*Finlen* v. *Heinze, supra;* sec. 1742, *supra.*)

Counsel for appellant contends that the so-called judgment affirmed in the case of *Meyers* v. *Gregans, supra,* was in fact not a judgment, but merely an order dismissing the appeal, and hence that that case furnishes a precedent that is binding on this court, to the effect that the form of the particular order is of no importance. For the reasons already stated, it is not necessary to discuss this point. We have not examined the record in that case to see what the form of the order really was. The effect of it was a final disposition of the case, and it was, for that reason, wholly different from the one under consideration here.

Counsel also says that the order is a special order, made after final judgment, and for that reason is appealable. By this con-

tention it is evidently meant that, inasmuch as a final judgment has been entered in the case by the justice of the peace, any order thereafter made is a special order after final judgment within the meaning of subdivision 2 of section 1722, *supra*. This contention is wholly without merit. The provision referred to applies only to special orders made after final judgment rendered by the district court. The appeal is dismissed.

*Dismissed.* .

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.