FIRST NATIONAL BANK OF THERMOPOLIS, APPELLANT, *v.* GEBO, DEFENDANT; STATE SAVINGS BANK, RESPONDENT.

(No. 3,173.)

(Submitted September 19, 1912.   Decided October 23, 1912.)

[127 Pac. 463.]

*Appeals from Orders—Record—Insufficiency—Affirmance.*

1. Where, on appeal from an order discharging an attachment, the record does not contain an authenticated copy of the order, or a certificate of the clerk enumerating the papers used on the hearing in the trial court, and appellant neglects to take steps to correct the defects, though its attention had been called to them some four months prior to submission of the cause, the judgment will be affirmed.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by the First National Bank of Thermopolis against S. W. Gebo, in which the State Savings Bank of Butte, Montana, intervened, and applied for an order discharging a writ of attachment. Plaintiff thereupon applied to amend, and its motion being overruled and the attachment discharged, he appeals. Affirmed.

*Messrs. C. L.* and *E. B. Merrill,* for Appellant, submitted a brief; *Mr. C. L. Merrill* argued the cause orally.

Did the court below err in sustaining respondent's motion to discharge the writ of attachment? That such ruling was error

hardly admits of a doubt, as it is in direct conflict with all the decisions of this court in like cases that have heretofore been decided. The court below followed the ruling of the supreme court of California in the case of *Tibbet* v. *Sue*, 122 Cal. 208, 54 Pac. 741, which was decided under a statute which required that the writ should be discharged under the circumstances presented in this case. But the California legislature has since amended the statute, which now conforms to the more liberal view taken by this court, that amendments should be allowed in like cases. (*Peiffer* v. *Wheeler*, 76 Hun, 280, 27 N. Y. Supp. 771; *Thames etc. Ins. Co.* v. *Dimmet*, 66 Hun, 634, 22 N. Y. Supp. 1096; *Struthers* v. *McDowell*, 5 Neb. 491; *Pierse* v. *Miles*, 5 Mont. 549, 6 Pac. 347; *Magee* v. *Fogerty*, 6 Mont. 237, 11 Pac. 668; *Josephi* v. *Clothing Co.*, 13 Mont. 195, 33 Pac. 1; *Newell* v. *Whitwell*, 16 Mont. 259, 40 Pac. 866; *Wilson* v. *Barbour*, 21 Mont. 176, 53 Pac. 315; *Baxter* v. *Smith*, 2 Wash. Ter. 97, 4 Pac. 35; *Pierse* v. *Miles*, 5 Mont. 549.) In this case the defect complained of is one of form and not of substance; the omission could in no way invalidate the undertaking.

We further urge that the point sought to be raised by the respondent in the court below is one that can be raised by the defendant in the action only, and is not subject to collateral attack. The respondent is not at all concerned in the bond or undertaking, and the omission complained of could in no way affect him. That the defect complained of is not one subject to collateral attack has been very generally held. In *Moresi* v. *Swift*, 15 Nev. 215, it was held that "an objection to the validity of an attachment upon the ground that the affidavit and undertaking was defective cannot be raised by a third party in a collateral proceeding." (*Leppel* v. *Beck*, 2 Colo. App. 390, 31 Pac. 185; *Dixey* v. *Pollock*, 8 Cal. 570; *Harvey* v. *Foster*, 64 Cal. 296, 30 Pac. 849; *Pace* v. *Lee*, 49 Ala. 571; *Davis* v. *Eppinger*, 18 Cal. 379, 79 Am. Dec. 184; *Coghill* v. *Marks*, 29 Cal. 673.)

*Messrs. Meyer & Wiggenhorn,* and *Mr. Chas. R. Leonard,* for Respondent, submitted a brief; *Mr. Wm. D. Kyle,* of Counsel, argued the cause orally.

Appellant refers to the case of *Pierse* v. *Miles,* 5 Mont. 549, as a case directly in point in support of its contention and as an authority that the court below should have amended the undertaking as prayed. The respondent contends that appellant's argument is based upon a false premise, *viz.,* that the undertaking was voidable and not void. It is void by reason of the affidavit of justification of the sureties thereon not having been executed in conformity to sections 7192 and 7195, Revised Codes. This very question came before the supreme court of California in the case of *Tibbet* v. *Tom Sue,* 122 Cal. 208, 54 Pac. 741, in which the affidavit of justification of the sureties on the undertaking was defective by failing to show that the sureties were either householders or freeholders as required by statute; the court held that this was essential to the validity of the attachment. (See, also, *Maze* v. *Langford,* 16 Cal. App. 743, 117 Pac. 929.)   *In Fairbanks, Morse & Co.* v. *Getchell,* 13 Cal. App. 458, 110 Pac. 331, the affidavit for the writ of attachment was defective, in that it was sworn to before a notary who was acting without the territorial limits of his jurisdiction. The court held that it could not be amended, in view of the fact that the purported affidavit was void. (See, also, *Wagener* v. *Booker,* 31 S. C. 375, 9 S. E. 1055; *Mentzer* v. *Ellison,* 7 Colo. App. 315, 43 Pac. 464.)   An affidavit of attachment which is a nullity cannot be amended so as to confer jurisdiction. (*Third Nat. Bank* v. *Garton,* 40 Mo. App. 113.)   The power to amend cannot be invoked where there is nothing conferring jurisdiction. (*Norton* v. *Flake,* 36 Mo. App. 698.)   An attachment proceeding which is a nullity cannot afford ground for amendment, since there is nothing to amend. (*Owens* v. *Johns,* 59 Mo. 89.)   An affidavit which sets forth no cause for attachment cannot, as against subsequent attachment creditors, be amended so as to give the court jurisdiction over the property, although the

statute provides for the amendment of informal or insufficient affidavits. (*Mentzer* v. *Ellison, supra.*)

If the affidavit on which a priority has been gained between creditors proves defective, the court will not permit an amendment so as to save the priority. (*Patterson* v. *Gulnare*, 2 Disn. (Ohio) 505.) If the original affidavits are defective so as to require amendment, the amendment will be good as between plaintiff and defendant from the time of the commencement of the action, but as to intermediate attaching creditors, it will be good only from the time the amendment is filed. (*Bell* v. *Hall*, 2 Duvall, 288.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In August, 1911, the First National Bank of Thermopolis commenced an action against S. W. Gebo, and caused a writ of attachment to be issued and levied upon certain property of the defendant. In October of the same year the State Savings Bank of Butte commenced an action against Gebo, and caused a writ of attachment to be levied upon the same property covered by the attachment in the first case. In November the State Savings Bank intervened in the first action, and moved to discharge the writ of attachment issued in that action, upon the ground that the undertaking for the writ was not accompanied by the affidavit required in such cases by section 7195 of the Revised Codes. Thereafter the Thermopolis bank moved the court for permission to amend the undertaking by attaching thereto an affidavit by the sureties containing one of the recitals omitted from the affidavit attached to the undertaking in the first instance. Some time thereafter—the record does not disclose when—the trial court overruled the motion to amend, and sustained the motion to discharge the attachment. On January 15, 1912, the Thermopolis bank presented its bill of exceptions, and served a copy upon the attorneys for the State Savings Bank. On January 17, and before the time allowed for filing amendments to the proposed bill had expired, the district court settled, signed, and allowed the bill of exceptions. On February 3, 1912, the

Thermopolis bank appealed from the order discharging the attachment. On February 27, 1912, the trial court by a supplementary certificate again settled and allowed the bill of exceptions. The clerk of the district court certifies that the transcript before us contains true and correct copies of the bill of exceptions, the supplementary certificate, and the notice of appeal.

At the outset we are asked to affirm the order from which the [1] appeal is sought to be taken, upon the ground that the appellant has not furnished this court with the record required by section 7113, Revised Codes, and certified as required by section 7115 of the same Codes. Section 7113 provides that upon an appeal of this character the appellant must furnish the supreme court with a copy of the notice of appeal, a copy of the order appealed from, and a copy of each of the papers used upon the hearing in the court below. Section 7115 provides that the copies mentioned in section 7113 must be certified to be correct by the clerk or the attorneys. There is not any certificate whatever by the attorneys, and the clerk in his certificate does not mention the papers used upon the hearing in the court below or the order from which the appeal is taken. The notice of appeal recites that the appeal is from an order made on the 18th day of December, 1911; but the record fails altogether to disclose when the order was in fact made. We are asked to review an order of which we do not have any authenticated copy. Indeed, from the beginning the plain provisions of the Code have been entirely disregarded by this appellant at every step of the proceeding.

This court has been most liberal in construing the statutes, to the end that every appeal may be heard on its merits; but we cannot, under the guise of liberal construction, suspend the operation of the statute, or change the statute itself, in order to assist a litigant to perfect his appeal or get his case before us. The provisions of sections 7113 and 7115 are so plain that a failure to meet their requirements cannot be excused. Those provisions are mandatory, and were enacted in order that this court may know that the record presented to it contains correct copies of the papers which the statute declares must be before the

court before it is authorized to review an order of this character. Furthermore, at the time respondent presented its brief the attention of appellant was called to the defects in the record, and yet it neglected for four months to take any steps to supply this court with a record upon which its appeal could be heard, and finally submitted the cause upon the record as described above.

The order is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly concurs.

Mr. Justice Smith, being absent, did not hear the argument, and takes no part in the foregoing decision.