STATE ᴇx Rᴇʟ. MEYER, Rᴇʟᴀᴛᴏʀ, *v.* DISTRICT COURT ᴇᴛ ᴀʟ., Rᴇsᴘᴏɴᴅᴇɴᴛs.

(No. 7,548.)

(Submitted March 23, 1936. Decided April 21, 1936.)

[57 Pac. (2d) 778.]

*Mr. Harry Meyer,* for Relator, submitted a brief and argued the cause orally.

*Mr. C. E. Comer*, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Upon the petition of Harry Meyer, Esquire, for a writ of supervisory control directed to the district court of Missoula county, this court issued its order to show cause why the order of that court, Honorable Asa L. Duncan presiding, dismissing defendants' appeal from a justice of the peace court judgment in an action entitled *H. S. Tupper* v. *Harry Meyer and Fred Schilling*, should not be annulled and set aside. In response to the order, the respondent court and judge certified the entire record to this court. From this record the history of the litigation appears to be as follows:

In January, 1932, H. S. Tupper commenced an action against Dixie Legonia, defendant, in a justice court before "Frank T. Jones," justice of the peace, and obtained a judgment for the sum of $27.55. On appeal to the district court Harry Meyer and Fred Schilling became sureties on the undertaking filed. The appeal resulted in a district court judgment, in favor of Tupper, entered on April 30, 1932; no appeal was taken from this judgment.

On December 5, 1932, Tupper commenced action against Meyer and Schilling on the bond in the justice court of "Frank T. Jones" and caused summons, issued by that justice, to be served upon the defendants, but correspondence had in December, 1932, respecting the case, is between Harry Meyer and "Ward H. Jones," justice of the peace, and judgment in favor of the plaintiff and against the defendants was entered by this justice on January 9, 1933. Notice of appeal from this judgment was duly given, but it is entitled as in the court of "Frank T. Jones," justice of the peace, and states the amount of the judgment as "$48.65 and interest from April 30, 1932, and the sum of $5.00 costs," whereas the judgment rendered was for $56.21. Within time appellants filed an appeal bond

with personal sureties, to which exception was taken in the court of "Ward H. Jones," but instead of qualifying the sureties, the appellants filed a surety company bond with the clerk of the district court.

Subsequent to thirty days after entry of judgment, appellants filed a correction bond in the district court and moved the court for permission to file an amended notice of appeal, to which objection was interposed by plaintiff Tupper, with a motion to dismiss the appeal on the grounds of insufficiency of the notice of appeal and the failure to file a proper bond with the justice of the peace. A hearing was had, and, by oral order entered in the minutes of the court, Judge Duncan on April 17, 1935, denied the motion to amend and granted the motion to dismiss the appeal. On April 18 Judge Duncan made, signed, and filed two separate "orders," the first denying the motion to amend, and the second closing with the decision that the court "sustains the motion of the plaintiff and orders that the said appeal be dismissed, and it is so ordered."

The return further shows that, upon receipt of notice of the dismissal of the appeal, counsel, Meyer, wrote the judge requesting additional time for the preparation and service of a bill of exceptions for the purpose of taking an appeal, and requesting a stay of execution. Thereafter counsel prepared and caused to be settled his bill of exceptions "on order dismissing appeal." The bill was settled on June 28, 1935. However, nothing further was done toward perfecting an appeal, and on March 9, 1936, petition herein was filed and therein it is alleged that no judgment was entered upon the order dismissing the appeal from the justice court and no notice of entry of judgment was served, and that relator has no plain, speedy and adequate remedy at law and has no right of appeal or other method of testing the correctness of the trial court's decision, other than through the means of the writ of supervisory control.

It is conceded that the writ here sought will not lie if the "order" attacked constitutes a judgment from which

an appeal would lie (*State ex rel. Rubin* v. *District Court,* 62 Mont. 60, 203 Pac. 860), unless the ordinary remedy by appeal is inadequate (*State ex rel. Tillman* v. *District Court,* 101 Mont. 176, 53 Pac. (2d) 107).

The case on appeal to the district court was a simple one, and there can be no question as to the adequacy of the appeal which the defendants first sought to take, if the "order" is, in fact, a judgment. (*Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83.) A judgment is defined as a final determination of the rights of the parties. (Sec. 9313, Rev. Codes 1921; *State Bank of New Salem* v. *Schultze,* 63 Mont. 410, 209 Pac. 599.) If the "order" has the effect of finally determining the rights of the parties, in other words, disposed of the case finally, it is a "judgment," the "title to the instrument" being not conclusive; it is to be judged by its contents and substance. (*Swinehart* v. *Turner,* 36 Idaho, 450, 211 Pac. 558; *Churchill* v. *Churchill,* 239 Mass. 443, 132 N. E. 185; *Chandler & Taylor Co.* v. *Southern Pac. Co.,* 104 Ohio St. 188, 135 N. E. 620.) The cases holding that an "order" dismissing a case is a final judgment and therefore appealable are too numerous to mention; a few will suffice: *Avery* v. *Jayhawker Gasoline Co.,* 101 Okl. 286, 225 Pac. 544; *Marshall* v. *Enns,* 39 Idaho, 744, 230 Pac. 46; *Paul* v. *Paul,* 28 Ariz. 598, 238 Pac. 399; *Indiana Travelers' Accident Assn.* v. *Doherty,* 70 Ind. App. 214, 123 N. E. 242; *Cheney* v. *Boston & M. R. Co.,* 246 Mass. 502, 141 N. E. 502; *Clements* v. *Southern R. Co.,* 179 N. C. 225, 102 S. E. 399.

The case of *Meyers* v. *Gregans,* above, was, apparently, just such a case as this, wherein this court entertained an appeal from an order dismissing an appeal from a justice court. Although the record is not now available, this court has said of that case, in an opinion dealing with an attempted appeal from an order refusing to dismiss an appeal: "Counsel for appellant contends that the so-called judgment affirmed in the case of *Meyers* v. *Gregans,* supra, was in fact not a judgment, but merely an order dismissing the appeal. * * * We have not examined the record in that case to see what the form of the

order really was. The effect of it was a final disposition of the case." (*Raymond* v. *Raymond,* 32 Mont. 170, 79 Pac. 1056, 1057.)

Under the authorities and the facts of this case, we are compelled to hold that the order dismissing the appeal was in effect, and in fact, a final judgment from which an appeal could have been taken.

The fact that the defendants abandoned the appeal they ▉ originally sought to perfect and let the statutory period for appeal elapse before starting this proceeding does not extricate them from the position in which they find themselves, as the omission to avail themselves of the statutory right of appeal does not entitle them "to invoke the power of this court [supervisory control], which was given it to enable it to grant relief, not generally, but only under extraordinary circumstances in cases in the inferior court, in which error has intervened and there is no appeal or adequate remedy" (*State ex rel. Grogan* v. *District Court,* 44 Mont. 72, 119 Pac. 174, 176), and "we cannot permit it to be used as a convenience or shorter route to precedence over other causes equally entitled to our consideration" (*State ex rel. Topley* v. *District Court,* 54 Mont. 461, 171 Pac. 273. See, also, *State ex rel. Bonners' Ferry L. Co.* v. *District Court,* 69 Mont. 436, 222 Pac. 1050; *State ex rel. Larsen* v. *District Court,* 78 Mont. 435, 254 Pac. 414).

The writ must be denied and the proceeding dismissed, and it is so ordered.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied May 28, 1936.