STATE EX REL. DUCKWORTH, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,812.)

(Submitted April 16, 1938. Decided June 10, 1938.)

[80 Pac. (2d) 367.]

*Mr. Jess L. Angstman,* for Relator, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson* and *Mr. Mark Derr,* Assistant Attorneys General, for Respondents, submitted a brief; *Mr. Thompson* and *Mr. Derr* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding for a writ of supervisory control. Relator brought an action in the district court of Phillips county for a divorce on the ground of desertion. At the time of the commencement of the action his wife was residing in Canada. Upon affidavit for publication, an order for publication of summons was issued, and thereafter the defendant was personally served with summons and copy of the complaint in Canada. No appearance was made on the part of defendant. Proof was submitted on behalf of the relator, which disclosed that he was a citizen of Canada and in the Dominion Customs Service located at the boundary line between the United States and Canada. At this port of entry where relator was employed there were no living quarters; this port of entry is six miles from the town of Opheim, Montana, where the relator testified he resided. He returned to Opheim each night and after there spending the night resumed his duties the next day.

The trial court at the time proof was received took the matter under advisement. Later it made the following entry in its minutes: "Divorce denied the plaintiff without prejudice because he failed to prove his residence in the state for the period

of one year.'' The court on the hearing expressed doubt as to the ability of one in the employ of a foreign country to say he was a resident here ''because he is domiciled here.'' By this proceeding it is sought to have the order denying the divorce annulled and the trial court directed to enter a decree of divorce.

The respondents have appeared by motion to quash and, without waiver of any rights under the motion, have answered. By the answer it is alleged that this court may not exercise its supervisory power, as the minute entry amounted to a judgment from which an appeal could be effected, and that the trial court was without jurisdiction to hear the cause, since no proof of service of summons and complaint was made in the record at the time the proof was heard, or at the time of hearing in this court.

A judgment is a final determination of the rights of the parties. (Sec. 9313, Rev. Codes.) An order dismissing an action is a final judgment from which an appeal can be perfected. (*State ex rel. Meyer* v. *District Court*, 102 Mont. 222, 57 Pac. (2d) 778.) Here the trial court neither dismissed the action nor ordered it dismissed. The fact that a divorce was denied might have been sufficient ground to invoke the discretion of the trial court to dismiss the action, but until the action was dismissed it remained pending. The rights between the parties had not been finally determined; there was no final judgment, and hence no right of appeal. (Sec. 9732.)

Since the cause was heard the proof of service of the summons and complaint was supplemented by an affidavit of service in due form, showing that service thereof was made upon the defendant at the time and place theretofore alleged. This affidavit of service was filed in the office of the clerk of the district court, and duly certified to this court. Whatever might be our views as to the sufficiency of the former proof of service, this affidavit clearly is sufficient.

The question of jurisdiction over a defendant is dependent upon the fact of service, and not on the proof thereof. A return failing to show the necessary jurisdictional facts, although such facts existed, may be amended so as to conform to the

truth and not for the purpose of validating a void judgment, but to show that a judgment never was void. (21 R. C. L. 1331; Freeman on Judgments, 5th ed., 37.) Hence the fact that a proper proof of service was not made, if such was the state of the record, at the time the court heard this cause did not deprive it of jurisdiction.

A divorce must not be granted unless the plaintiff has been ▆ a resident of the state for one year next preceding the commencement of the action. (Sec. 5766, Rev. Codes.) Where the statute refers only to residence and not to domicile, the courts have held with substantial uniformity that, for purposes of divorce jurisdiction, the word "residence" will be construed to mean practically the same as "domicile." (Kennan on Residence and Domicile, 456; *Sneed* v. *Sneed*, 14 Ariz. 17, 123 Pac. 312, 40 L. R. A. (n. s.) 99; *Bechtel* v. *Bechtel*, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (n. s.) 1100; *Stewart* v. *Stewart*, 32 Idaho, 180, 180 Pac. 165.)

Section 33 of our Codes provides in part: "Every person has, in law, a residence. In determining the place of residence the following rules are to be observed: 1. It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose. 2. There can only be one residence. 3. A residence cannot be lost until another is gained." Our legislature in declaring these rules for determining residence has adopted the rules which courts generally prescribe with reference to determining domicile; hence the decisions with reference to the rules for determining domicile are clearly in point.

Citizenship and residence are not convertible terms. (Kennan ▆▆ on Residence and Domicile, p. 133.) Judge Sanborn in the case of *Harding* v. *Standard Oil Co.*, (C. C.) 182 Fed. 421, 424, said: " 'Citizenship' implies much more than 'residence.' It carries the idea of connection or identification with the state, and a participation in its functions. * * * It applies to a person possessing social and political rights, and sustaining social, political, and moral obligations. * * * In the Constitution and laws of the United States the term is generally if not

always used in a political sense to designate one who has the rights and privileges of a citizen of a state or of the United States. * * * A person may be a citizen of a state but not of the United States; as, an alien who has declared his intention to become a citizen, and who is by local law entitled to vote in the state of his residence, and there exercise all other local functions of local citizenship, such as holding office, right to poor relief, etc., but who is not a citizen of the United States. * * * An allegation of residence in a state does not show citizenship therein.''

In the case of *Picquet* v. *Swan,* 5 Mason, 35, Fed. Cas. No. 11134, Judge Story held a citizen of Massachusetts, residing in France, was not an inhabitant of the United States. In the course of that opinion he said: ''A person might be an inhabitant, without being a citizen; and a citizen might not be an inhabitant, though he retain his citizenship. Alienage or citizenship is one thing; and inhabitancy, by which I understand local residence, *animo manendi,* quite another.''

One not a citizen of the United States may become a resident within the statutes, such as here under consideration for the purpose of invoking the jurisdiction of the court in a divorce proceeding. (*Cairns* v. *Cairns,* 29 Colo. 260, 68 Pac. 233, 93 Am. St. Rep. 55; *Cohen* v. *Cohen,* 3 Boyce, 361, 26 Del. 361, 84 Atl. 122.)

That place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home unless and until something, which is uncertain and unexpected, shall happen to induce him to adopt some other permanent home. (*Harral* v. *Harral,* 39 N. J. Eq. 279, 51 Am. Rep. 17.)

The decisions in the United States are fairly unanimous to the effect that the place of lodging is a weightier criterion of domicile than the place of business. (Kennan on Residence and Domicile, 123.) The following election cases illustrate the force of the foregoing statement: *State* v. *Savre,* 129 Iowa, 122, 105 N. W. 387, 3 L. R. A. (n. s.) 455, 113 Am. St. Rep. 452;

*Behrensmeyer* v. *Kreitz,* 135 Ill. 591, 26 N. E. 704; *Commonwealth* v. *Kelleher,* 115 Mass. 103.

The evidence before the trial court under the foregoing rules all tended to establish that the residence of the plaintiff was at Opheim, Montana, and that he had resided there in excess of the statutory period.

Let the writ issue as prayed.

ASSOCIATE JUSTICES STEWART, ANGSTMAN and MORRIS concur.

MR. CHIEF JUSTICE SANDS:

I am compelled to dissent from the opinion of the majority in this case upon two grounds:

First: This is an application for a writ of supervisory control—a special proceeding which requires in advance special reasons for interference of this court in the proceedings of a district court.

The facts appearing in the proceedings presented to this court show conclusively that the district court did not have before it a sufficient proof of service of summons and those conditions continued even until and after the argument before this court; therefore, the district court was absolutely right in refusing to grant the divorce, and upon the record before us we could not do otherwise than dismiss the proceeding. If supplementary proof was admissible at all, a continuance of the hearing should have been requested and the amended facts presented at the continued hearing. If the amendment were for the purpose of *sustaining* a judgment of the district court, the proceedings might be warranted, but it would be otherwise where the purpose is to modify the judgment of that court.

The subsequent amendment to the proof of service was never presented to the district court and never presented to this court except that it was filed since the argument. It certainly would not be fair to the district court to amend the record after it had passed the judgment, and even after the situation had been presented to this court. I therefore hold that the supervisory control proceeding is not justified in this case, and this

court has no jurisdiction under our supervisory control authority.

The fact that the memorandum of the district court is held in the majority opinion not to constitute a completed dismissal of the case, that is, not to constitute an appealable order (if such was the effect of the order), was a matter easily corrected so that an appeal could have been taken in the regular way. This court should not exercise its supervisory authority unless the necessity appears—unless all other remedies have been exhausted.

Second: The parties to this action were both citizens of Canada. The plaintiff was an employee of Canada, and the only evidence of residence is that he slept in the United States, as a matter of convenience. He did not claim to ever have been a resident of the United States or that he ever intended to become such, and his claim of residence rests solely upon the flimsy claim that a man who had once *established* his residence in the United States might claim to have *continued* that residence, even though employed in Canada; but the inverse of that situation, namely, that he *acquired* a residence by merely spending his nights in Montana, is quite a different situation.

It was suggested in the argument that Congressmen spending most of their time in the city of Washington with their families justly continued their residence in Montana. But, as said before, the *continuance* of a residence is very different from the *establishment* of a residence.

Residence is largely a matter of intent. There is absolutely nothing here to warrant the conclusion that this plaintiff ever intended to establish a residence in Montana. The mere convenience of sleeping in Montana does not evince any intent to continue that alleged residence in the United States at any time after he ceased his employment with the Canadian government.

As said before, there is a total lack of intent to establish residence in Montana. Such being the fact, and the residence in Montana being a judicial requirement, the district court was justified in refusing to consider the case for lack of jurisdiction, namely residence of the plaintiff.