ROSS, Respondent, *v.* GREENWALD, Appellant.

(No. 8,189.)

(Submitted June 13, 1941.   Decided July 5, 1941.)

[115 Pac. (2d) 290.]

*Mr. C. C. Guinn,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Bert W. Kronmiller,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought action in the justice court of Hardin township and recovered a money judgment. Defendant appealed to the district court. In lieu of an appeal bond defendant deposited with the justice of the peace a cashier's check (considered by both parties as cash) in the amount of the judgment, including costs. Transcript and the deposit were transmitted by the justice of the peace to the clerk of the district court. Plaintiff filed a motion to dismiss that appeal for want of an appeal bond and because of an inadequate cash deposit. The motion was sustained and the appeal dismissed. Defendant appealed.

The appeal presents the question whether the deposit in lieu of the appeal bond was adequate to give the district court jurisdiction of the case. Solution of the question depends upon whether section 9718 or section 9757, Revised Codes, is controlling.

Section 9718 provides: "In civil cases arising in justices' courts, wherein an undertaking is required as prescribed in this code, the plaintiff or defendant may deposit with said justice a sum of money equal to the amount required by said undertaking, which said sum of money shall be taken as security in place of said undertaking."

Section 9757, so far as applicable, provides that when an un- ▉▉ dertaking on appeal is filed it must be in twice the amount of the judgment, including costs. It then contains this provision: "A deposit of the amount of the judgment, including all costs, appealed from, * * * is equivalent to the filing of the undertaking." Section 9757 in its original form was much earlier than section 9718, which latter section was enacted in 1895. But the last above quoted clause in section 9757 did not come into that section until by amendment in 1895. Hence, so far as the point we are considering is concerned, the two statutes must be construed exactly the same as if they had both been enacted at the same time. We must give both statutes effect, if possible. This we may do without doing violence to either. Section 9757, so far as it permits a deposit in lieu of cash, relates only to undertakings on appeal. Section 9718, on the other hand, may be given effect as having application to all undertakings other than undertakings on appeal. In other words section 9757, so far as it provides that a deposit of the amount of the judgment appealed from is equivalent to the filing of the undertaking, constitutes a special statute relating solely to undertakings on appeal from a justice court and it takes precedence over section 9718 as to such undertakings.

Plaintiff contends that in order to meet the conditions of the ▉ undertaking on appeal specified in section 9757 there must be a deposit of more than the amount of the judgment and costs in the justice court. The paragraph in section 9757 relied upon is the following: The undertaking "must be conditioned, when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed, or the amount of any

judgment and all costs that may be recovered against him in the action in the district court." Plaintiff contends that the deposit here gives him no protection as to district court costs. There is no constitutional requirement that respondent on appeal be guaranteed his costs. It was competent for the legislature to provide for the right of appeal by securing respondent in the judgment he held, including costs already incurred in the justice court, without securing respondent against costs in the district court. The entire matter was one for legislative determination. The district court erred in dismissing the appeal.

Plaintiff filed a motion to dismiss the appeal in this court ▇ upon the ground that the order or judgment appealed from is not a final judgment within the meaning of section 9731, Revised Codes. The order in question reads as follows:

"Plaintiff's motion to dismiss the appeal of the defendant was heretofore submitted to the Court for decision, upon briefs and after oral argument by counsel for the respective parties. The Court being now fully advised in the premises, makes and enters its order in said cause, sustaining said motion, and it is ordered that said appeal of the defendant from the Justice Court of Hardin Township, before Robert A. Vickers, Justice of the Peace, to the District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Big Horn, be, and the same hereby is, dismissed."

The case of *Palmer* v. *Spaulding,* 34 Mont. 1, 85 Pac. 369, supports plaintiff's contention. However, this court has taken the opposite view in the later case of *State ex rel. Meyer* v. *District Court,* 102 Mont. 222, 57 Pac. (2d) 778, 780, and has held that an order dismissing an appeal is a final judgment and as such is appealable. The court in the last cited case said: "The case on appeal to the district court was a simple one, and there can be no question as to the adequacy of the appeal which the defendants first sought to take, if the 'order' is, in fact, a judgment. (*Meyers* v. *Gregans,* 20 Mont. 450, 52 Pac. 83.) A judgment is defined as a final determination of the rights of the parties. (Sec. 9313, Rev. Codes, 1921; *State Bank*

*of New Salem* v. *Schultze*, 63 Mont. 410, 209 Pac. 599.) If the 'order' has the effect of finally determining the rights of the parties, in other words, disposed of the case finally, it is a 'judgment,' the 'title to the instrument' being not conclusive; it is to be judged by its contents and substance. [Citing cases.] The cases holding that an 'order' dismissing a case is a final judgment and therefore appealable are too numerous to mention; a few will suffice: [Citing cases.]'' On the authority of that case, plaintiff's motion to dismiss the appeal in this court is denied.

The order or judgment dismissing the appeal is reversed and the cause remanded for further proceedings.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.