CORCORAN, Respondent, v. FOUSEK, et al., Appellants.
No. 9074.
Submitted June 19, 1951.   Decided July 10, 1951.
233 Pac. (2d) 1040.

Messrs. Hoffman and Cure, Messrs. Gray and Gray, Great Falls, for appellants.

Mr. J. H. Corcoran, Messrs. McCabe and McCabe, Great Falls, for respondent.

Mr. H. B. Hoffman, Mr. A. H. Gray, Mr. E. J. McCabe and Mr. E. J. McCabe, Jr., Great Falls, argued orally.

MR. JUSTICE FREEBOURN:

On April 25, 1927, J. H. Corcoran, plaintiff and respondent, A. J. Fousek and A. H. Gray, defendants and appellants, with others, purchased through A. J. Fousek, as trustee, under a written trust agreement, the assets of the defunct American Bank and Trust Company of Great Falls, Montana.

In 1949 Corcoran brought this action against Fousek and Gray for an accounting from them of the receipts, properties

and profits of the trust estate received by them and asking that he be decreed the owner of a nine twenty-thirds interest in all moneys and property of such trust estate, together with his costs and for such other relief as was equitable and lawful.

On December 7, 1950, after hearing had, the district court made an order directing defendants to render an account to plaintiff of all the assets of such trust estate coming into their possession, and that plaintiff render an account to defendants of all assets of the trust estate coming into his possession.

From this order defendants have appealed and plaintiff has moved to dismiss the appeal upon the ground that such order is not appealable.

The right of appeal is purely statutory. Ringling v. Biering, et al., 83 Mont. 391, 272 Pac. 688.

The order for an accounting, under consideration here, is not named as an appealable order by, and it cannot be deemed a final judgment, under the provisions of R. C. M. 1947, section 93-8003, which permits appeals to be taken to the supreme court from a district court from a final judgment and from certain named orders.

A judgment is the final determination of the rights of the parties in an action or proceeding. R. C. M. 1947, section 93-4701. See also State ex rel. Meyer v. District Court, 102 Mont. 222, 57 Pac. (2d) 778, and State Bank of New Salem v. Schultze, 63 Mont. 410, 209 Pac. 599, "If the 'order' has the effect of finally determining the rights of the parties, in other words, disposed of the case finally, it is a 'judgment,' the 'title to the instrument' being not conclusive; it is to be judged by its contents and substance." State ex rel. Meyer v. District Court, supra. [102 Mont. 222, 57 Pac. (2d) 780.] See also Ross v. Greenwald, 112 Mont. 324, 115 Pac. (2d) 290.

The order for an accounting is in no way final. It was a necessary step in the action to determine what if anything plaintiff had coming from the defendants. It was necessary as the district court said in such order "to enable the court to render final judgment in said cause."

For the reasons stated the appeal is dismissed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUS-
TICES METCALF, BOTTOMLY, and ANGSTMAN, concur.