BEN HANSEN, Plaintiff and Respondent, *v.* DAVID HANSEN, Defendant and Appellant.

No. 9486.
Decided September 28, 1955. Dissenting Opinion October 10, 1955.
Motions Dismissed November 29, 1955.
Rehearing Denied November 29, 1955.
290 Pac. (2d) 438.

T. H. MacDonald, Roger G. Baldwin, Messrs. Baldwin and Baldwin, Kalispell, for appellant.

Messrs. Rognlien and Murray, Kalispell, for respondent.

Mr. MacDonald and Mr. Rognlien argued orally.

PER CURIAM.

No copy of any notice of appeal in this cause appearing in either the transcript on appeal or the files of this Court herein or having been supplied to this Court, the purported appeal is hereby dismissed for want of jurisdiction shown. See R.C.M. 1947, section 93-5608.

MR. JUSTICE ANGSTMAN: (dissenting).

I disagree with my associates in the dismissal of this appeal.

I agree that without a notice of appeal being filed and served in time, this court is without jurisdiction.

Conversely if notice of appeal is filed and served in time this court has jurisdiction.

My associates fail to distinguish between the fact of serving and filing a notice of appeal and proof of the fact. Compare State ex rel. Duckworth v. District Court, 107 Mont. 97, 80 Pac. (2d) 367.

Here it is not disputed that notice of appeal was actually filed and served in time. No motion to dismiss the appeal on that ground has been filed.

All that is lacking is proper proof of those facts. We might well withhold ruling on the merits of the appeal until we are supplied with a supplemental transcript on appeal containing the missing facts (and I am surprised that this has not already been done) but in my opinion to dismiss the appeal is unwarranted, and if it has merit (a point I have not yet considered) will result in a gross miscarriage of justice.

518

MR. CHIEF JUSTICE ADAIR:

On October 11, 1954, appellant filed in the office of the clerk of this court his transcript on appeal herein.

On November 1, 1954, appellant filed his brief on the appeal and on November 29, 1954, respondent's answer brief was filed.

On May 10, 1955, the appeal was orally argued before this court by counsel for the respective parties and during the course of the oral argument of appellant's counsel his attention was, by this court, directed to the fact that his transcript and record on appeal fails to contain or set forth any copy of any Notice of Appeal in the cause, as is required by the provisions of R.C.M. 1947, sections 93-8017, 93-8018 and 93-5608.

In First National Bank v. Gebo, 46 Mont. 263, 267, 268, 127 Pac. 463, this court said that the provisions of Sections 7113 and 7115 (Rev. Codes 1907, now R.C.M. 1947, sections 93-8017 and 93-8018, supra) are so plain that a failure to meet the requirements cannot be excused and held that those provisions are mandatory and were enacted in order that this court may know that the record presented to it contains correct copies of *the* papers which the statute declares *must* be before the court before it is authorized to review the cause on appeal.

Although Rules VI and XI, of the published rules of this court, provide for the due service and filing of suggestions of diminution by the appellant when the transcript on appeal is imperfect or incomplete, yet appellant neither served nor filed any such suggestion of diminution.

After the lapse of more than four months following such oral argument of the appeal, this court on September 28, 1955, made and entered its order dismissing the appeal for want of jurisdiction and failure of appellant to comply with the above mandatory provisions of our Codes.

Thereafter on October 6, 1955, being almost five months after counsel's attention was directed to the defective record on appeal herein, appellant filed in this court his written motion to

set aside and annul this court's order dismissing the appeal together with a motion for an order staying execution in the trial court.

It now appearing that the appellant has been guilty of laches in not serving and filing any suggestions of diminution as is required to correct the inadequate record on appeal herein so filed on October 11, 1954,

Now, Therefore, appellant's motion to stay execution and his motion to set aside and annul this court's order of September 28, 1955, dismissing this appeal, are and each is denied.

MR. JUSTICES DAVIS and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

Since the authenticated copy of the notice of appeal shows that it was actually filed and served in time we should consider the appeal on its merits.