MARY K. LAWRENCE, Plaintiff and Respondent, v. MALLORY D. LAWRENCE, Defendant and Appellant.

No. 11567.
Submitted March 10, 1969.
Decided March 18, 1969.
451 P.2d 825.

Anderson, Brown & Gilbert, Bozeman, William E. Gilbert, (argued), Bozeman, for appellant.

McCarvel & Gillan, Great Falls, Robert B. Gillan, (argued), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order denying a change of venue entered in the district court of Cascade County, Montana.

This action was one seeking separate maintenance, commenced on August 6, 1968, in Cascade County. At the time of the institution of the action defendant owned a home in Cascade County in which his family resided. For more than a year prior to the commencement of the action defendant's employment required him to be in Missoula, Montana, or vicinity, during the working week, but his weekends were spent either in Helena, Montana, or with his family in Great Falls. On August 1, 1968, defendant was transferred by his employer to a sales district covering an area of several counties in the vicinity of Bozeman, Montana, and he was served with the papers in this action at Bozeman on August 15, 1968. Defendant's line of business was in connection with sprinkler irrigation and required him to visit in rural areas. When defendant was served in Bozeman he had no permanent place of abode there other than the hotel room he was occupying on any particular day.

Following service of process defendant moved for a change of venue and following the hearing upon the motion the court denied it. This appeal followed.

The sole contention of defendant on this appeal is that the court erred in denying his motion.

In support of this argument defendant cites section 93-2904, R.C.M.1947, as the proper statute covering his situation and that thereunder he is entitled to have this action tried in the county in which he resides.

█ As we proceed we must bear in mind that the district court was the trier of the facts and its findings will not be disturbed or reversed if there is substantial evidence to support them.

█ Viewing the evidence we find a man with a home and family in Great Falls with whom he visits on weekends on occasion, who for a considerable period of time worked in the Missoula vicinity but thereafter was transferred to the Bozeman vicinity and, as he testified, stays at the same hotel in Bozeman if they have a room available and otherwise he is travelling and staying in a number of hotels in the various counties thereabouts.

On this showing the court denied the motion.

In denying the motion the district court was convinced that defendant was not a resident of Gallatin County, and in our view there is substantial evidence to support that position. In State ex rel. Duckworth v. District Court, 107 Mont. 97, 80 P.2d 367, this Court stated:

"Where tthe statute refers only to residence and not to domicile, the courts have held with substantial uniformity that, for purposes of divorce jurisdiction, the word 'residence' will be construed to mean practically the same as 'domicile.'"

That opinion further states:

"That place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home unless and until something, which is uncertain and unexpected, shall happen to induce him to adopt some other permanent home."

█ One who provides a home for his family and travels therefrom into other communities to earn a living, taking accommodations in various hotels, cannot be said to establish residence in such transitory quarters.

The order denying the motion for change of venue is affirmed.

MR. JUSTICES HASWELL, JOHN CONWAY HARRI-
SON, CASTLES, and BONNER, concur.