## Chowhan v. Chowhan

*Charles H. Welles, IV*, for plaintiff.

*Joseph Sirotnak*, for defendant.

ROBINSON, P. J., April 10, 1974.—The plaintiff-wife, Lalit S. Chowhan, brought this divorce action against the defendant-husband, Kishore G. Chowhan, on grounds of cruel and barbarous treatment and indignities to the person.

Defendant filed preliminary objections to the complaint averring that the court lacks jurisdiction in the case in that:

(a) Plaintiff is a citizen and national of India present in this country on a temporary visa without permanent status and is precluded by immigration laws from establishing a permanent residence and domicile in Pennsylvania.

(b) Defendant is domiciled in India and the domicile of plaintiff as his wife is derivative, is in India, and she cannot maintain a divorce action in Pennsylvania.

(c) Plaintiff cannot maintain the action, since she is not a bona fide resident of Pennsylvania under section 16 of the Divorce Law of May 2, 1929, P. L. 1237, as amended, 23 PS §816.

On the points raised, defendant prays for a dismissal of the complaint.

The following jurisdictional facts appear from the complaint, the averments of the preliminary objections and the admissions of defendant's answer: The parties were married at Kanpur, U.P. India, on February 20, 1971. Plaintiff resides at 10 South Main Street in the Borough of Archbald and has resided in Pennsylvania for one and one-half years immediately prior to the action. Defendant, a citizen of India, resides at 1321 Linden Street in the City of Scranton and has resided in Pennsylvania for two and one-half years prior to the institution of the action. Defendant came to the United States in August 1971 to study at the Uni-

versity of Scranton and was joined by plaintiff, his wife, in September 1972. Defendant's entry to the United States was under a student visa designated by the immigration laws as (F)(i). Plaintiff's entry was under a visa designated as (F)(ii) as the spouse of a student admitted under an (F)(i) visa. Both visas expired on May 12, 1974.

Briefly, defendant contends that plaintiff cannot acquire a domiciliary residence for the purpose of divorce in Pennsylvania because (a) she is in the United States on a temporary visa without permanent status and is precluded from establishing a permanent residence and domicile, and (b) that the domicile of a wife is derivative from that of her husband which is in India and she, therefore, cannot maintain this action.

(a) The complaint alleges residency of plaintiff in this State for one and one-half years which, on preliminary objections, is taken as true, but since a "bona fide" residence as required by section 16 of the Divorce Law was not alleged, that fact cannot be taken as true. "Bona fide" residence under section 16 means a residence with domiciliary intent: Horne v. Horne, 191 Pa. Superior Ct. 627. Domicile is the place where a person has his true, fixed, permanent home and principal establishment to which, whenever he is absent, he intends to return: 15 Standard Pa. Pract., §143; Wallace v. Wallace, 371 Pa. 404; Horne v. Horne, 191 Pa. Superior Ct. 627. Domicile depends on residence with the intent to make the place a permanent home: Chidester v. Chidester, 163 Pa. Superior Ct. 194.

It is not necessary for jurisdiction that either party to a divorce action be a citizen of the United States: 15 Standard Pa. Pract. §142; Gearing v. Gearing, 83 Pa. Superior Ct. 423; King v. King, 17 D. & C. 25. In

Pennsylvania the remedy of divorce is not limited to citizens. It is sufficient if plaintiff has been for one whole year, immediately prior to the filing of the action, a bona fide resident of the Commonwealth, and even an alien may bring suit for a divorce: 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §509. Generally, the courts are open to the alien who has the capacity to sue and be sued: 3 Am. Jur. 2d, Aliens and Citizens, §43. Every person in the United States has the same right in every State and territory to sue, be parties, and give evidence, including aliens: 42 USC §1981. The essential test of the right to sue is residence, not nationality: Roberto v. Hartford Fire Ins. Co., 177 F.2d 811. "Where an alien makes the state his home in good faith, and has no residence anywhere else, its courts are open to him to obtain divorce on proper grounds": Sedgwick v. Sedgwick, 50 Colo. 164, 114 P. 488 an alien may sue for divorce if she has complied with the year residency requirement: Oppler v. Oppler, 54 D. & C. 213.

Defendant contends that the visa classification of an alien student and his spouse under the Immigration and Nationality Act of June 27, 1952, 66 Stat. 166, as amended, is (F)(i) and (F)(ii), 8 USC 1101 (15), and that they are both precluded from having any domicilary intent and cannot establish a bona fide residence. We do not agree. Our reading of the alien student visa classification in 8 USC 1101, supra, does not reveal a provision therein which prohibits such persons from entertaining domiciliary ideas. It is true that the student visa is issued on the representation that the alien has no intent of abandoning his foreign residency and seeks to enter the United States temporarily for educational purposes, but the statute does not forbid the alien to change his intention. The alien cannot be presumed, as defendant argues, to have an

unchangeable fixed intention to return to India. Jurisdiction over divorce lies within the several States and not in the laws or courts of the United States: In re Burrus, 136 U.S. 586, 10 S. Ct. 850. The capacity of an alien to acquire a domicile for the purposes of divorce is a State matter not touched by the provisions of the immigration laws herein before referred to, 8 USC 1101. We have before us a divorce case, not a deportation proceeding, and the student visa classification of the Immigration and Nationality Act cannot control determinations under State divorce law.

The precise question does not appear to have arisen in Pennsylvania before but has been splendidly annotated in 51 A.L.R. 3d 223, Resident Alien — Domicile for Divorce, by Emile F. Short, LL.B., LL.M., Barrister-at-Law, Lincoln's Inn. Barrister Short's annotation suggests that: "The chief lesson of this annotation for counsel involved in a divorce action by a citizen of another country whose residence or domicil within the forum state is in doubt is that although the plaintiff's alien status may operate as an evidentiary fact against his alleged intention to remain in the state, permanently or indefinitely, generally speaking he can establish residence or domicil in the same way as a citizen can. This is evident from the fact that the alien has been held to have established residence or domicile in most of the cases within the scope of this annotation, the exceptions being . . . where the alien was in the country in violation of immigration law."

We agree with Barrister Short's statement of the proposition of law, the overwhelming weight of authority is that an alien generally can establish residence or domicile in the forum state in the same way that a citizen can and that the provisions of

the immigration laws do not prohibit him from so doing unless, of course, his original entry into the forum state was illegal.

We now review the authorities on the subject in those instances where the alien is within the forum State on visas akin to those issued to an alien student or his spouse for educational purposes.

An alien who enters the country under a visitor's visa is not precluded from securing a domicile for the purposes of divorce. In Torlonia v. Torlonia, 108 Conn. 292, 142 Atl. 843, it was held that a wife who was a citizen of Italy and who came to the United States under a nonimmigrant visitor's visa could establish a domicile so as to maintain a divorce action in that State when it appeared that, while she had no plan as to the future, she subsequently notified the immigration officers she intended to remain permanently in the United States. In Gosschalk v. Gosschalk, 48 N. J. Super. 566, 138 A.2d 774, affirmed 28 N. J. 73, 145 A.2d 327, an alien who entered the country under a nonimmigrant visitor's visa but with the intention to remain permanently in the United States could establish a domicile in New Jersey for divorce jurisdictional purposes.

Similarly, in Taubenfeld v. Taubenfeld, 276 App. Div. 873, 93 N. Y. Supp.2d 757, where an alien entered the United States on a transit visa, it was held that such alien was entitled to establish a domicile for divorce purposes and that the fact that the entry was made on a transit visa did not preclude the alien from so doing.

In Alves v. Alves, 262 A.2d 111 (Dist. Col.), an alien who entered the country under a special nonimmigrant visa which permitted him to remain in the United States as long as he was employed by the International Monetary Fund could acquire a

domiciliary residence in the District of Columbia for the purpose of a divorce action.

And in Williams v. Williams, 328 F. Supp. 1380 (D.C. Virgin Islands), the court held that an alien could establish domicile within a State for divorce jurisdictional purposes even though her presence originally was as a nonimmigrant, temporary worker. Such aliens, known as "bonded aliens" since their employers were required to enter into an agreement with the United States, could not be barred from the courts. The court specifically held that the immigration laws could not be enforced by the exclusion of such aliens from the divorce courts.

In the noteworthy case of State ex. rel. Duckworth v. District Court of Seventeenth Judicial Dist., 107 Mont. 97, 80 P.2d 367, a Canadian customs officer, who was located at the boundary line between the United States and Canada at a point where the nearest living accommodations were six miles within the United States where he resided and traveled to his work each day, was held to have acquired a residence for divorce purposes.

An alien who entered the United States under a visitor's visa with the right to a "treaty trader's" visa for business purposes was held to have established a domicile for divorce in Gosschalk v. Gosschalk, supra, and in Perez v. Perez, 164 So.2d 561, a political refugee from Cuba temporarily in the United States was not precluded from filing a complaint for divorce in Florida.

The general rule, therefore, that has been established by the unanimous rulings in the adjudicated cases on the subject is that an alien may establish residence or domicile for the purposes of divorce

jurisdiction in much the same way as a citizen can.

(b) The common-law rule that upon marriage the domicile of the wife follows that of her husband does not apply when the marriage unit is threatened or destroyed, and where the wife is without fault she may requre a separate domicile for the purpose of instituting an action for divorce. See 25 Am. Jur. 2d, Domicil §53. In Pennsylvania, it has long been settled "that the fiction that a wife's domicile follows that of her husband is not applied to give jurisdiction in divorce proceedings to the courts of the state where the husband happens to be, at least if she is not at fault." See Commonwealth v. Custer, 145 Pa. Superior Ct. 535, 544. A wife may establish a domicile separate from that of her husband for purposes of divorce: Rosenberg v. Rosenberg, 163 Superior Ct. 138.

We hold (a) that plaintiff, Lalit S. Chowhan, is not precluded from acquiring a "bona fide" residence or domicile in Pennsyvania for purposes of divorce jurisdiction, and (b) that she can acquire a domicile separate and apart from that of her husband upon proof that he subjected her to cruel and barbarous treatment and indignities to the person and that she is the injured and innocent spouse and without fault. Jurisdiction is, of course, a most essential element of every divorce case, and it remains for plaintiff to prove a domicile in Pennsylvania separate from that of defendant in India, but her complaint may not be summarily dismissed on preliminary objections.

Now, April 10, 1974, the preliminary objections to the complaint are overruled and defendant is allowed 20 days in which to file an answer. Exceptions are allowed defendant.