COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| CARLITO M. MANANSALA, | ) | CIVIL ACTION NO. 81-93 |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| LETICIA T. MANANSALA, | ) | |
| Respondent. | ) | |

Within the last year or so this Court has received many complaints for divorce where the plaintiff is an alien, usually holding a work permit and entry permit, and the defendant is residing in the country where the plaintiff is a citizen.

In a fair amount of the cases, the plaintiff has exercised his/her perogative under Article III of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in political union with the United States of America and has renounced his/her citizenship in the home country and has received a certificate of identity. In those cases, the Court has had little difficulty in finding that the plaintiff has met the residential/jurisdictional requirements of 39 TTC §202. In other cases, the plaintiff has testified to a lengthy residence (mostly uninterrupted except for possible brief times out of the Commonwealth) which were seven or more years in duration. The court has accepted this as fulfilling the terms of 39 TTC §202.

That section states:

> "No divorce shall be granted unless
> one of the parties shall have resided
> in the Trust Territory (read Common-
> wealth of the Northern Mariana Islands)
> for two years next preceding the filing
> of the complaint."

Previously, this court has declined to declare this section unconstitutional. Marck v Marck, Civil Action No. 84-79.

However, this case presents the situation of the plaintiff having resided in the Commonwealth only since 1975, and with a work permit that expires within a few weeks.

It is anticipated that other aliens with even less time in the Commonwealth and with even more tenuous rights to remain in the Commonwealth will be filing complaints for a divorce.

Be that as it may, the Court is confronted with the question as to when and where the line shall be drawn (if indeed it will be drawn) to deny a divorce to aliens who have resided here for at least two years.

At the outset, this court has always construed the term "resided in" as specified in 39 TTC §202 as requiring a permanent, fixed abode - a domicile. This is not a mere temporary or special purpose home but with a present intention of making it his/her home unless and until something, which is uncertain and unexpected, shall happen to induce the person to adopt some other permanent home. It is a place which the person intends to return and from which he has no present plans to depart.

162

See generally 106 ALR 6; 159 ALR 2d 507; 24 AM JUR 2d, Divorce and Separation, §246 et seq.

It has been found that one who is not a citizen may become a resident for purposes of invoking jurisdiction in a divorce proceeding. Duckworth v District Court, 80 P 2d 367 (Mont. 1938). See also Sedgwick v Sedgwick, 114 P 488 (Colo. 1911).

The Plaintiff in this case, like most alien workers in the Commonwealth, has a somewhat tenuous stay. If his work permit is not renewed or revoked, he is subject to deportation.

However, the Court cannot ignore the practical situation the plaintiff and others like him, find themselves. They have separated from their spouses several years before and the only real connection, in a family sense, is the support monies which are sent through the mails. Notwithstanding the fact that the Government has control over whether a work permit/entry permit is to be granted an alien, the alien may form a good faith intent to establish residence in the Commonwealth.

The plaintiff here has so testified and has stated he has no intention of returning to the Philippines and that he intends to remain in the Commonwealth. Should the Government not renew his work permit, this is not to say the plaintiff did not form the requisite intent to fix his abode here.

The court holds that so long as an alien plaintiff in a divorce action evidences a good faith intent to make the Commonwealth his/her residence, has no residence elsewhere,

and who has lived at least two years in the Commonwealth, the Court will consider the residency requirement of 39 TTC §202 to have been met.

A _caveat_ should be added and counsel are well advised to inform their clients who are aliens, that the granting of a divorce under these circumstances may not be recognized in the country of which the plaintiff is a citizen. In addition, the finding of residency in a divorce action has no bearing on the alien status of the plaintiff. Should an alien, who is granted a divorce, marry a Commonwealth citizen, there is no assurance under existing law as to the continued right to work in the Commonwealth. The immigration laws will be construed and interpreted on their own basis, not on the divorce laws.

Plaintiff's counsel shall prepare a decree of divorce as indicated at the time of the default hearing and submit same to the court.

Dated this 6th day of July, 1981.

Robert A. Hefner, Chief Judge