STATE EX REL. OLSEN, ATTY. GEN., APPELLANT, *v.* 30 CLUB
ET AL., RESPONDENT.
No. 8968
Submitted April 27, 1950. Decided June 7, 1950.
219 Pac. (2d) 307

(91)

Mr. Arnold H. Olsen, Attorney General, Mr. Philip O'Donnell, Asst. Attorney General, Mr. Willis B. Jones, Asst. Attorney General, for appellant.   Messrs. Olsen, Jones and O'Donnell argued orally.

Messrs. Meyer and Meyer, Butte, Messrs. Genzberger and Mc-Gan, Butte for respondent.   Mr. William Meyer and Mr. Earle Genzberger argued orally.

°PER CURIAM.

Relator brought proceedings to abate a nuisance as defined in R. C. M. 1947, sec. 94-1002 alleged to exist at the Pennsylvania Building, 30 West Park Street in Butte.   The complaint specifically described the premises in question and alleged that some of the defendants as owners and others as lessees and occupants were using the premises for the purpose of conducting lotteries and gambling games therein.

The particular paraphernalia used for such purposes was specifically described.

To the complaint were attached as exhibits the affidavits of two special investigators employed by the attorney general. These affidavits set out that among other alleged gambling activities the affiants saw the game of Keno or Bordo played on the premises in question three or four named dates in each of the months November and December 1949 and January 1950; the affidavits explain in detail how the game was played and show that a large number of persons participated therein, the prizes consisting of money.

Upon the filing of the complaint and the affidavits attached

thereto the court issued a temporary injunction restraining defendants during the pendency of the action from permitting, conducting, or maintaining the business constituting a nuisance as described in the complaint upon the premises therein described. It restrained defendants from removing or interfering with the gambling paraphernalia and other fixtures on the premises until further order of the court; it ordered the sheriff or any peace officer to seize and take possession of such gambling paraphernalia and to remove it from the premises and ordered the premises closed for all purposes until further order of the court.

Before the temporary injunction was served upon defendants, it was set aside.

It appears from the record that on the same day that the complaint was filed and the temporary injunction was issued, defendants proceeding under R. C. M. 1947, sec. 93-4211, and as this court has held they had the right to do, State ex rel. Bottomly v. District Court, 115 Mont. 400, 143 Pac. (2d) 559, presented an affidavit of Rose Powers, secretary of the 30 Club, in opposition to the temporary injunction. So far as the game of Bordo is concerned, this affidavit sets forth that during the times mentioned in the affidavits of the special investigators the 30 Club was operating that game, which game had by a judgment of the district court of the second judicial district been declared legal and that it was conducted and operated in conformity with Chapter 298, Laws of 1947, now R. C. M. 1947, sec. 84-5702, and that each and every section of Chapter 298 was complied with; that only such games were conducted in the premises as were duly licensed by the state of Montana and the tax, if required by the state, was paid.

The affidavit recites also that affiant ''verily believes and has been advised by the attorneys for said corporation, that if an order to show cause be issued herein and defendants allowed to present their case to said court, that said defendants will be able to prove that each and every act that has been done during

the times mentioned in said complaint and affidavits, and each and every act that is being now done, has been and is being done under and by virtue of the authority of the Laws of the State of Montana, and in compliance with such laws.''

On the strength of this affidavit defendants asked for an order to show cause and that the premises be opened for the purpose of conducting any lawful business pending the hearing of the order to show cause.

Plaintiff objected to the granting of the order to show cause and to the opening of the premises principally upon the ground that the affidavit contained no facts justifying the opening of the premises but contained merely conclusions of law.

The court overruled the objections and ordered the temporary injunction quashed and withdrawn and issued an order directed against defendants to show cause why an injunction should not issue.

The order to show cause fixed a time for hearing and enjoined defendants from removing the gambling paraphernalia described in the complaint from the premises involved and from operating and conducting ''any of the games of chance described in the complaint contrary to the laws of the State of Montana upon said premises.''

Plaintiff requested that the order to show cause should enjoin defendants from operating and conducting ''any of the games of chance described in said complaint or any gambling contrary to the laws of the State of Montana upon said premises.''

Plaintiff appealed from the order and obtained from this court an injunction preserving the status quo pending the appeal.

Defendants have filed a motion to dismiss the appeal contending that the order is not an appealable one under R. C. M. 1947, sec. 93-8003.

The motion to dismiss the appeal is denied. The order is ▮ tantamount to one dissolving an injunction and refusing to grant another.

Instead of abating the nuisance described in the complaint, the

order in effect allows defendants to proceed with their operations leaving it up to them to determine whether their operations were or are contrary to law.

The proceedings were brought under R. C. M. 1947, sec. 94-1002 et seq. That section in part provides: "* * * any building wherein gambling is carried on or occurs, contrary to any of the laws of the state of Montana * * * is a nuisance which shall be enjoined, abated, and prevented as hereinafter provided, whether the same be a public or private nuisance."

Section 94-1004 provides: "The complaint in such action must be verified unless filed by the county attorney. Whenever the existence of such nuisance is shown in such action to the satisfaction of the court or judge thereof, either by verified complaint or affidavit, the court or judge shall allow a temporary writ of injunction to abate and prevent the continuance or recurrence of such nuisance."

Under this section of the statute plaintiff was entitled to the writ as first granted. The complaint and affidavits show at least *prima facie* that the premises of defendants constituted a nuisance per se in that unlawful gambling or lotteries were being conducted therein. Defendants of course have the right to show otherwise. They are entitled to be heard on the questions presented by the affidavit submitted on their behalf.

But until the hearing is had on the order to show cause, the temporary injunction first entered by the court should have remained in effect and the premises should have been kept closed to preserve the status quo until a hearing was had.

The court erred in quashing the temporary injunction order without first having a hearing under an order to show cause.

The temporary restraining order first entered by the court is ordered reinstated pending hearing on the questions presented by the affidavit submitted on behalf of defendants.

When the court reinstates its order the temporary injunction order made by this court will be dissolved.

The equipment, apparatus and paraphernalia seized under the

order of this court shall by order of the district court be held by the sheriff until after hearing the questions presented by the affidavit of Rose Powers.

Remittitur to issue forthwith.