Remittitur to issue forthwith.

STATE ex rel. OLSEN, ATTY. GEN. Appellant,
v. WALKERS SOCIAL CLUB et al., Respondents.

No. 8970

Submited April 27, 1950. Decided June 7, 1950.

Mr. Arnold H. Olsen, Attorney General, Mr. Willis B. Jones, Asst. Attorney General, Mr. Philip O'Donnell, Asst. Attorney General, for appellant. Messrs. Olsen and O'Donnell argued orally.

Messrs. Coyle and Ybarra, Butte, Messrs. Meyer and Meyer, Butte, Messrs. Loble and Loble, Helena, for respondent. Mr. William Meyer argued orally.

PER CURIAM.

The proceedings in this case were substantially the same as

those in the case of State ex rel. Olsen v. 30 Club, 124 Mont. 91, 219 Pac. (2d) 307; except this relates to the property at 16 W. Park Street, Butte, Montana.

The court first entered a temporary restraining order and closed the premises for all purposes. As in the 30 Club case this order was on application of defendants and before service upon them, set aside and another order made in the same form as that in the 30 Club case.

The only difference between this and the 30 Club case is that in this case the affidavit submitted by defendants set forth in substance that in a prior action wherein at least some of the parties were the same as in this action, the games complained of here were declared by the district court to be legal.

The record of the other case was presented to the court and is contained in the transcript herein. The dates when the gambling was alleged to have been committed in the former action were different from the dates here involved. The only parties common to both actions are plaintiff and the State Savings and Realty Company.

In the former action the premises were ordered closed because of one game which the court held was illegal and which is not involved in this action. Plaintiff in that action obtained all the relief sought so far as the Realty Company was concerned. There was no occasion to appeal from that judgment. The plea of *res adjudicata* is no bar to the claim that there is illegal gambling being conducted on the premises in question. The question whether the game complained of amounts to illegal gambling is one of fact and to hold that the question is *res adjudicata* would be equivalent to holding that the owner of the premises has a perpetual license to conduct the particular game in question on the premises involved. There is no merit to this contention.

As to other questions presented by the affidavit submitted in behalf of defendants there has as yet been no hearing had and the case is subject to the same conclusion announced in

98

State ex rel. Olsen v. 30 Club. On the authority of that case the order first entered by the trial court is ordered reinstated. When that is done the temporary order made by this court will be dissolved.

The equipment, apparatus and paraphernalia seized under the order of this court shall by order of the district court be held by the sheriff until the final determination of the action.