CITED *in State* v. *Vandervere*, 1 *Dutch*. 671.

---

MAHLON DICKERSON v. ROBERT P. STOLL.

1. In point of fact there is no issue joined without a similiter—though the want of a similiter is amendable after verdict.

2. The addition of " &c." after a tender of issue, will not be taken to mean "and the plaintiff" or defendant " doth likewise." Its utmost office in pleading is to supply matter that ought to be expressed in the pleading of which it is a part.

3. The words "after issue joined" in the third section of 'the act to prevent the abatement of suits, means after the end of the pleading in the cause.

4. After the death of a party, the pleadings will not be amended to meet the exigency of the case and bring it within the act.

---

This was an action brought in the life time of the plaintiff

on the record. His executors now move for leave to suggest his death, and that the action proceed in their names.

The motion was opposed upon the ground that there was no issue joined at the death of the plaintiff, and that, therefore, the suit abated.

Argued before Justices OGDEN and POTTS, by Mr. *Scofield* for the motion and Mr. *Ryerson* contra.

POTTS, J. The plaintiff brought an action of trespass against the defendant in 1851. The declaration contains three counts :

1. For cutting down and carrying away certain trees.

2. For breaking, entering, cutting down and carrying away, &c.

3. Trespass *quar. claus. freg.*

The defendant pleaded not guilty, and in several subsequent pleas, title in himself, and title in Jos. E. Edsall and leave and license, &c. No *similiter* was entered to the first plea, nor any replication to the others.

Subsequently the plaintiff died—and the motion now is for leave to suggest his death on the record, and proceed in the name of the personal representatives.

For the plaintiff, it is contended that the action so far as it goes for the *carrying away and converting, &c., survives.* As to the rest, it is admitted the action is abated by the decease of the plaintiff.

There is no doubt but that, except for the statute of limitations, the executors might have an action now against the defendant for taking, carrying away and converting to his own use, any wood belonging to the deceased, in his life time (*Rev. St.* 350, *sec.* 1,) but it is said to be now too late, and that, unless this suit can be revived, the remedy is gone.

By the third section of the " act to prevent, in certain cases, the abatement of suits," &c., *Rev. St.* 953, it is enacted " That in all actions depending or to be commenced in any court of record of this state, if any plaintiff die *after issue joined,* and before final judgment, the said action shall not

abate by reason thereof, *if such action might be originally prosecuted or maintained by the executors or administrators of such plaintiff.*"

The two questions are :

1. Was issue joined in this suit, previous to the death of the plaintiff?

2. Is this an action which might be originally prosecuted or maintained by the executor ?

*As to the first question :*

In point of fact there is no similiter to the plea of the general issue.    But it is contended that this being a remedial statute and to be construed liberally, *Crane* v. *Alleiry,* 2 *Green* 593, the court may bring this case within the equity of the statute.    For, when, as here, the defendant's plea contains a direct contradiction of the declaration, and tenders an issue, the plaintiff must join issue ; he cannot offer any new matter ; he must stand or fall by his declaration ; if he were to demur, the demurrer would be stricken out as frivolous. 2 *Bouvier L. Dic.* 526 ; *Steph. Pl.* 237 ; *Allen* v. *Wheeler,* 1 *Zab.* 93 ; 1 *Ch. Pl.* 599, " *Similiter.*"

As, therefore, the party has no option in accepting the issue when well tendered ; and as the similiter may in that case be added for him, his acceptance of it may be considered as a mere matter of form.    *Steph. Pl.* 237.

It is a form, however, which should be invariably observed. *Steph. Pl.* 238.    Its omission has sometimes proved the ground of successful objection, even after verdict.    *Griffith* v. *Crockford,* 3 *Brod. & Bingham* 1.    But the usual rule has been to refuse to set aside a verdict for want of the similiter, and to order the record to be amended by adding it.    *Reeder* v. *Bloom,* 2 *Bingham* 384 ; *Wright* v. *Horton,* 1 *Starkie* 400 ; *Sayer* v. *Pocock, Cowper* 407 ; *Rawbone* v. *Hickman,* 1 *Strange* 551 ; *Bennett* v. *Holbeck,* 2 *Saunders* 319, *note* (6) ; *Earle* v. *Hall,* 22 *Pick.* 102.

There is no issue, however, in point of fact, without the similiter.    And if a cause comes on to be tried before a court which has no power to amend, as in case of a cause sent down by the Supreme Court to be tried at the circuit, and it

appears by the record that there is no issue for want of the similiter, the court would not try the cause if the objection was raised. *Heath* v. *Walker*, 2 *Strange*, 117. And the extent of the cases is, that the omission of the similiter is *amendable* after verdict. Indeed it would be confounding terms to say that an issue *tendered* is an issue *joined*.

But the defendant concludes his plea of the general issue thus "and of this he puts himself upon the country, &c." And it is insisted that "&c." here may be taken to mean, "and the plaintiff doth likewise."

The authorities relied upon for this construction are *Sayer* v. *Pocock, Cowper* 407, in which, in a similar case, after verdict, Lord Mansfield said, that "&c. means every necessary matter that ought to be expressed;" and *Everitt* ads. *Groff*, 1 *Cowen* 213, in which, where the plaintiff, without putting in a similiter to the general issue pleaded by the defendant with an &c., took an inquest by default, the court refused to set the inquest aside on the defendant's motion, upon the authority in Cowper, construing the &c. the defendant had annexed to his plea, to mean a similiter. But in the case in *Cowper*, Lord Mansfield ordered the record to be amended, to avoid a writ of error—and in the case in *Cowen*, the point does not seem to have been much considered.

The question here is not whether the opinion to put on file a proper similiter is a defect which is *amendable* after verdict, or after an inquest taken; but whether we can hold that an issue tendered with an &c. is an issue joined, within the meaning of the statute, to prevent the abatement of suits.

I think we cannot so hold.

I. Because the words of the statute are clear and unequivocal ; and when this is so we are bound to give them their full force and effect. We are not authorized to change an act of legislature, by judicial construction.

2. Because the weight of authority goes no further than to show that the want of a similiter is matter amendable af-

ter verdict—and that it must be added to make the issue and complete the record.

3. Because I think the utmost office of the " &c." in pleading, is to supply matter that ought to be expressed *in the plea of which it is a part;* and that it is going too far to say that it may be construed to mean a distinct, separate and independent plea of itself—and that, too, a plea for the adverse party.

·Besides, even if the plaintiff is right in his argument that issue is, in fact, or by fair construction, joined on the first plea—still the parties are not at the end of the pleadings *in the cause,* for there are six special pleas filed which do not tender issues and to which there are no replications even, And I apprehend that by the language of the statute " after issue joined and before final judgment," is clearly meant after the end of the pleadings *in the cause;* that is, between the time·when the cause is ready for trial upon the pleadings, and final judgment.

It is argued by the plaintiff's counsel that these pleas are all defective—would be stricken out on motion—and are therefore to be considered as *nullities.* But they are here; they were pleadings in the cause at the time of the plaintiff's decease, and until the suit is revived there is no party in court to make this point. We must deal with the question upon the facts as they are, not as they might be.

It is impossible, therefore, to say that issue was joined in this action upon the decease of the plaintiff.

*As to the second question:*

Though not necessary to consider it for the purpose of determining the motion before the court, I think this not " *such an action as might be originally prosecuted or maintained by the executors or administrators of the plaintiff.*"

It is admitted by the counsel of the plaintiff, that so far as the declaration is for an injury to the freehold—breaking and entering the close, and cutting down trees, the cause of action *is not* within the statute.

It is not denied by the defendant's counsel that trespass *de bonis asportatis* is within the statute.

Can we now, for the purpose of saving the action—bringing it within the statute,—direct the declaration to be amended to meet the exigencies of the case?

I think not. The rights of the parties were fixed by the operation of the statute, upon the death of the plaintiff. As they stood then, they stand now. We can no more mould the case to meet the statute, than we can mould the statute to meet the case.

The motion must be refused.

OGDEN, J., concurred.