# CHARLESTON.

### FADLEY v. TOMLINSON et al.

Submitted January 13, 1896—Decided March 18, 1896.

1. EQUITY PRACTICE—INJUNCTION—NOTICE OF MOTION.
   Where a bill of injunction is still at rules, not on the court dock-et, because not matured for hearing, the defendant may move the court to dissolve the injunction; but the opposite party, who does not appear, must have reasonable notice of such motion.

2. CONTEMPT—INJUNCTION.
   A party in contempt can not move to dissolve an injunction.

3. EQUITY PRACTICE—INJUNCTION.
   In such case, while still at rules, and not matured for hearing, the court, having overruled defendant's motion to dissolve the injunction, can not proceed to enter a decree settling the princi-ples of the cause.

4. DECREE—PLEADINGS AND PROOF.
   A decree must be justified by the pleadings as well as sustained by the proof.

W. R. GUNN and GEO. POFFENBARGER for appellant, cited Code, c. 72, ss. 6, 7; 20 Gratt. 244; 3 Leigh, 667; 26 Am. & Eng. Enc. Law, 877, 878, 970-74; 1 Bart. Chy. Pr. 430, 444, 445; Pom. Eq. Jur. §§ 151, 152, 153, 1339; 36 Am. & Eng. Enc. Law, 970; 30 W. Va. 554; Dan'l Chy. Pr. (4th Ed.) 1652; 21 W. Va. 234, 247, 248; 23 W. Va. 760; 14 W. Va. 741; 11 W. Va. 300.

TOMLINSON & WILEY for appellees, cited 1 Bart. Chy. Pr. § 135; 35 W. Va. 458; 1 High, Inj. § 242; 23 W. Va. 454; 24 W. Va. 698; 26 W. Va. 603; 5 W. Va. 138, 234; 10 W. Va. 250; 7 W. Va. 329; 12 W. Va. 686; 3 W. Va. 542, 226; 15 W. Va. 804.

HOLT, PRESIDENT:

On appeal from a decree of the Circuit Court of Mason county entered on the 11th day of September, 1894, de-creeing the payment by Fadely to defendants Henking, Bovie & Co., the trust creditors, the debts mentioned in

the deeds of trust, and in default of such payment for thirty days the trustee, W. H. Tomlinson, was directed to sell the property for cash.

The facts are as follows: George E. Fadely, the plaintiff, by deed of trust dated the 10th day of April, 1893, conveyed to W. H. Tomlinson, trustee, certain personal property, including the stationary saw mill, engine, and boilers and fixtures mentioned in the bill to secure to Henking, Bovie & Co. the payment of four notes of one hundred and fifteen dollars each of same date as the deed of trust, and payable respectively, in forty five days, ninety days, one hundred and thirty five days, and six months after date, and in default of payment of any note when due the trustee was to sell for cash to pay the same, and on credit to meet and pay any that might not be then due. By deed dated the 16th day of November, 1893, Fadely conveyed to the same trustee the same property, together with another saw mill and some other property, to secure to the same creditors the payment of the same notes. Further time was given, and in default the trustee was to sell for cash.

Afterwards, default being made, the trustee, at the instance of the trust creditors, advertised the property for sale for cash, to be made on the 19th day of July, 1894, but the notices of sale were illegal and defective, for the reason, among others, that the notice was not served on Fadely, the debtor, and grantor in the deed, as required by law, he being within the county. See section 7, chapter 72, Code.

Thereupon Fadely obtained an order of injunction restraining the trustee from selling under such defective notice. Such order of injunction, in full force, and the suit in which it was made, are still pending in the circuit court of Mason county. While this injunction was in full force, the trustee, at the instance of the trust creditors, again advertised the sale of the property to be made for cash on the 29th day of August, 1894. Thereupon plaintiff presented his bill of injunction, and an injunction was awarded by the judge in vacation on the 27th day of August, 1894, enjoining the trustee from selling the property mentioned until further order. Why the proceeding was by injunction awarded on a new and original bill, and not

a proceeding for contempt in the suit already pending, does not appear, nor is the first suit a part of this record.

The bill alleges that the first injunction remains in full force and effect; that the stationary sawmill is worth at least eight hundred dollars; that there are parties who wished to buy such a mill, and that, if the notice of sale had properly described the mill as stationary, it would bring more than enough to pay and discharge the trust debt and expenses of sale, but that the trustee prevented such bidding by improperly and incorrectly describing it as a standard sawmill in his notice of sale; that he proposes to sell for cash, whereas, according to his reading of the trust deed, it requires a sale for only part cash and the balance on credit. It also alleges that there is an older and paramount deed of trust on the same property in part including the one mill, unpaid and still in force, executed 17th December, 1889, to Rankin Wiley, trustee, executed by Mrs. Emily Fadely, who was then the owner, to secure the payment of two hundred and ninety three dollars to John G. Stortz and others, which would prevent a fair sale under the younger deed of trust.

While this injunction bill was still at rules, not matured for hearing, and without notice to the plaintiff, the defendants appeared on the 3d day of September, 1894, in the circuit court, and moved the court to dissolve the injunction upon the face of the bill with the exhibits therewith, filed, and, the court not then being ready to hear the same the motion was continued until another day.

Upon the 11th day of September, 1894, the following decree was entered, which is the one complained of: Decree. *George E. Fadely* v. *W. H. Tomlinson, Trustee, Henking, Bovie & Co.* In Chancery. This cause came on this day to be heard upon the motion heretofore made to dissolve the injunction awarded on the 27th day of August, 1894, by F. A. Guthrie, judge of the Seventh judicial circuit of West Virginia, in vacation, which motion to dissolve said injunction was argued and considered by the court. The court is of the opinion to and doth overrule said motion, and require the defendants to answer said bill. For reasons appearing to the court, and upon motion of the defend-

ants, it is ordered, adjudged, and decreed that unless the said George E. Fadely, or some one for him, do within thirty days from the rising of this court pay off and discharge the debt and interest in the bill and trust deeds mentioned to the defendants Henking, Bovie & Co., or their attorneys, that then W. H. Tomlinson, the trustee in said trust deeds, do sell at public auction for cash, at the door of the courthouse of Mason county, the property described in said trust deeds, or so much thereof as will be necessary to pay off and discharge the debt and interest set out in said trust deeds, and the costs and commissions of sale, after having first advertised the time, terms and place of sale of said property in the Weekly Register, a newspaper published in said county, of general circulation, for four successive weeks; but before said trustee shall make said sale he shall execute a bond in the penalty of one thousand dollars before the clerk of this court, conditioned according to law, and report his proceedings to this court."

The defendants, by way of cross assignment, say that the court erred to their prejudice in overruling their motion to dissolve. But in this they are mistaken for two reasons, apart from the merits of the bill; (1) The cause was not on the court docket, but was still pending, unmatured, at rules; and plaintiff had no notice of the motion, nor did he in any way appear at the hearing of the motion. (2) Defendants, by their own confession, were then proceeding to violate the injunction awarded in another suit, restraining the trustee from selling this same property, which former injunction was still in full force and effect.

The decree against the plaintiff George E. Fadely, was erroneous for the following reasons: (1) He was not yet in court at all. (2) A decree is entered for the conditional payment of an unascertained sum. (3) There is no pleading of any kind to justify the decree, and all decrees must be justified by pleadings as well as by proof.

This decree is therefore reversed and the cause remanded.