# CHARLESTON.

EVANS v. KELLEY *et al.*

Decided March 16, 1901.

1. BONA FIDE PURCHASER—*Lien—Release.*
   If a person holding a lien on two separate tracts of land releases the tract which is ultimately liable therefor, such release operates in equity to release the other tract, also, if in the hands of a *bona fide* purchaser for value.  (p. 183).

2. BILL—*Allegations—Evidence—Decree.*
   Although a plaintiff may present a good case in his proofs, he is not entitled to a decree not justified by the allegations of his bill.  (p. 183).

3. EQUITY JURISDICTION—*Pleadings—Parties.*
   Equity having acquired jurisdiction of a cause for one purpose, although the relief sought be finally denied, any relief, legal or equitable, justified by the pleadings and tending to end litigation between the parties, will be granted.  (p. 184).

Appeal from Circuit Court, Braxton County.

Bill by David Evans, administrator, against L. H. Kelley and others.  Decree for defendants, and plaintiff appeals.

*Reversed.*

HAYMOND & FISHER, for appellant.

JAMES B. FOWLER and W. E. HINES, for appellees.

DENT, JUDGE:

David Evans, administrator of George W. Fox, deceased, appeals from a decree of the circuit court of Braxton County in a suit wherein he was plaintiff and Teresa E. Campbell *et al.* were defendants.

The facts are as follows: On the 19th day of March, 1898, Joseph L. Carper deeded to Teresa E. Campbell a tract of sixty-eight acres of land reserving a lien thereon for the unpaid purchase money, being a note for three hundred dollars, signed by Teresa E. Campbell and J. F. Campbell, her husband. Afterwards, on the 18th day of July, 1892, Jacob Carper and Caleb B. Carper conveyed to Teresa E. Campbell a tract of one hundred acres of land in consideration of the sixty-eight acre tract and three hundred and fifty dollars. A lien was retained on the one hundred acres to secure not only the unpaid purchase money due thereon, but also any unpaid purchase money due on the sixty-eight acre tract to Joseph L. Carper. Geo. W. Fox, deceased, became the owner by assignment during his lifetime of a balance due on each of such purchase moneys. The last one was paid off and satisfied. There is still a balance of one hundred dollars of purchase money due on the first note, which was a lien on that sixty-eight acre tract and secured as a lien on the one hundred acres and to enforce the payment of which as a lien on both of said tracts this suit was brought. The sixty-eight acre tract was afterward sold to satisfy a lien due the Baltimore Building & Loan Association and purchased by L. H. Kelley. The one hundred acre tract was also sold to satisfy a lien due the same association, and was purchased by defendants F. J. Baxter and L. C. Berry. Berry sold out to Baxter and Baxter has agreed to sell the same to Bertie H. Ryan and Alpheus B. Campbell, children of Teresa Campbell. Defendants claim that Geo. W. Fox assigned the note in controversy to Jacob S. Hyer and authorized him to execute a release postponing one hundred dollars purchase money now sued for to the lien of the Building Association on the one hundred acre tract, and such tract when sold failing to bring more than sufficient to pay the association lien that thereby the sixty-eight acre tract was relieved from such lien. The competent evidence seems to clearly establish this claim. The release by Hyer is as follows:

"I, J. S. Hyer, assignee of G. W. Fox (who is the assignee of Jacob Carper and Caleb B. Carper) hereby release the right reserved to said Carper in a conveyance executed by the said Carpers and the wife of said Caleb B. Carper to Teresa E. Campbell dated the 18th day of July, 1892, recorded in the office of the clerk of the county court of Braxton County, West Virginia, in Deed Book No. 28 at page 482, absolutely for the benefit of the

Baltimore Building & Loan Association, which has loaned the said Teresa E. Campbell the sum of five hundred dollars so as to give said association priority over said reservation of lien in said conveyance. But this release is only to operate so as to postpone the right reserved in said conveyance to the lien of said association, to secure to it said sum of five hundred dollars, reserving in this release a second or postponed lien to secure the payment on the unpaid balance of one hundred dollars due me as such assignee.

J. S. HYER.

Acknowledged before the subscribed this 6th day of April, 1895.

T. M. BERRY, *Notary.*

State of West Virginia, Braxton County court clerk's office, May 14, 1895: The foregoing release deed with the certificate of acknowledgment thereto annexed was this day presented in said office and admitted to record. Testee:

C. K. NEWLON, *Clerk,*

A copy.                   Teste: C. K. NEWLON, *Clerk.*"

At the time of the execution of this release by Hyer he held this note by assignment from Fox for collection, and he testifies that Fox authorized him to execute this release, and that it was intended to cover the balance of purchase money due on the sixty-eight acre tract. Hyer is not a party to the suit, is a disinterested witness, and his evidence certainly ends this controversy. The release undoubtedly extends to the whole lien on the one hundred acre tract owned by Fox at the time of the execution thereof, and cannot be otherwise interpreted. The agreement to postpone the lien on the one hundred acre tract operates as a full satisfaction of the lien on the sixty-eight acres, and if Fox lost his money by such postponement he did so by his own act and it cannot now be recoursed onto the sixty-eight acre tract or upon his assignors. He surrendered his security and must bear the burden occasioned thereby. *First National Bank* v. *Parsons,* 45 W. Va. 688.

It is further claimed in argument that the purchase by Berry and Baxter was at an inadequate price for Mrs. Campbell and that she was the real purchaser, and that her interest in the property would still be liable to sale. The proof to some extent tends to establish this argument. The trouble is the allegations of the bill do not justify the proof. The bill does not attack the

purchase by Baxter and Berry, as not in good faith, but apparently admits the *bona fides* thereof. There can be no relief on proof alone. To secure it the *allegata* and *probata* must correspond. *Fadely* v. *Tomlinson,* 41 W. Va. 606; *Bierne* v. *Ray,* 37 W. Va. 571; *Hanlan* v. *Hanlan,* 37 W. Va. 486; *Roberts* v. *Coleman,* 37 W. Va. 143. The court, however, should not have dismissed the bill without having ascertained the amount due on the note and given a judgment therefor in favor of the plaintiff against John F. Campbell, the surety. It is now firmly established as a rule of equity that although the relief originally sought is denied, yet having assumed jurisdiction, equity to avoid further litigation, will grant relief between the parties to the suit, although such relief is legal in its nature. 11 Am. & En. En. Law (2 Ed.) 201; *Hotchkiss* v. *Plaster Co.,* 41 W. Va. 361; *Walters* v. *Bank,* 76 Va. 12. In this latter case it is held that "Equity is the appropriate tribunal for charging a *feme's* separate estate, and an endorser on her note may be joined as a party. And if from cause developed in the suit, plaintiff fails of his remedy against that estate, he may have relief in same suit against the endorser." Being entitled to such relief the failure to obtain it might render the matter *res adjudicata,* so as to bar any remedy at law. *Watson* v. *Watson,* 45 W. Va. 290; *Haymond* v. *Camden,* 48 W. Va. 463, (37 S. E. R. 642); *Rogers* v. *Rogers,* 37 W. Va. 407.

As the appellees substantially prevail in this Court, the decree is reversed at the costs of the appellant, and the cause is remanded that the court may grant the relief herein indicated.

*Reversed.*