STATE EX REL BOTTOMLY, ATTORNEY GENERAL, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8473.)

(Submitted October 15, 1943.  Decided December 4, 1943.)

[143 Pac. (2d) 559.]

*Mr. Hanley* argued the cause orally.

*Mr. George E. Hurd* and *Messrs. Murch & Wuerthner,* for Respondents, *Mr. Hurd* argued the cause orally.

Opinion: PER CURIAM.

The relator has petitioned this court for a writ of supervisory control. Specifically he seeks to compel the district court of Cascade county to allow him to present affidavits and oral evidence upon a hearing to dissolve a temporary injunction.

The case involves an abatement proceeding in which the Attorney General filed a complaint to abate certain premises in the city of Great Falls occupied by a corporation known as the Brotherhood of Taxicab Owners and Drivers. The activity which is alleged to warrant the abatement is that the Brotherhood unlawfully conducted gambling upon the premises.

After the complaint was filed, a temporary injunction was issued. Later the defendant Brotherhood filed an answer denying the charge in the complaint and moved the court to dissolve the injunction. The court granted the motion to dissolve after refusing the Attorney General's demand that he be allowed to present affidavits and oral testimony in opposition to the allegations of the answer and the motion to dissolve.

It is the relator's contention that section 9250, Revised Codes, ▮ gives him the right to offer the affidavits and oral testimony sought to be introduced. That section is as follows: "If an injunction order be granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, or upon order to show cause returnable at a specified time or forthwith, after service thereof, to the judge who granted the injunction order, or to the court in which the action is brought, to dissolve or modify the same. The application may be made upon the complaint and affidavit on which the injunction order was granted, or upon affidavit on part of defendant, with or without the answer. If the application be made upon affidavits on part of defendant, but not otherwise, the plaintiff may oppose the same by affidavits or oral testimony, in addition to those on which the injunction order was granted. The defendant may also use oral testimony."

The statute is plain. It says: "If the application [to dissolve] be made upon affidavits on part of defendant, but not otherwise, the plaintiff may oppose the same by affidavits or oral testimony, in addition to those on which the injunction order was granted." (Sec. 9250, Rev. Codes.)

For the purposes mentioned in section 9250, the defendant's ▮ answer is in effect an affidavit. Section 9249 provides

that "upon the hearing of a contested application for an injunction order, or to vacate or modify such an order, a verified answer has the effect only of an affidavit." The facts in the case at bar come squarely within the provisions of section 9250, supra, and we think the court should have permitted the Attorney General to present counter affidavits and oral testimony to support the allegation as to illegal gambling. In this respect the purpose of section 9250, it appears to us, is to allow the parties to present such facts in the case as shall enable the trial court to determine, in its sound discretion, whether or not there is any necessity for keeping the injunction in force *pendente lite*.

It is contended that the district court was correct in dissolving the temporary injunction for the reason that the complaint does not warrant the relief asked for. The Attorney General has grounded his arguments on the contention that while the Brotherhood is prima facie a bona fide fraternal organization, yet in fact is one but organized for the purpose of evading the gambling law. It is urged by respondents that the proper remedy is to attack the status of the Brother by proceeding in *quo warranto*. That question is not before us.

The complaint alleges that the Brotherhood corporation is engaged in gambling unlawfully. The affidavit given in support of the complaint of the Attorney General charged the Brotherhood with unlawful activity in allowing non-members to gamble on its premises at will. If that be true, then we have a case where a bona fide fraternal corporation, exempt from the operation of the anti-gambling laws under certain particulars, would be guilty of gambling unlawfully. It is our view that looking ultimately to the commencement of a proceeding in *quo warranto* does not solve the question before us, for this reason: A bona fide corporation organized, such as the Brotherhood, under Chapter 42 of the Civil Code (secs. 6453 to 6461, Revised Codes, as amended), may legally permit gambling among its members, but not permit any person or persons other than its members to participate in such gambling. The question to be determined in this proceeding is, not whether the certificate of

incorporation issued to the Brotherhood was obtained through bad faith or not, but whether the duly organized fraternal organization is permitting practices in its club rooms that are in violation of the gambling laws of this state. We think the Attorney General is entitled to present evidence as to such alleged violation.

It is further contended by the respondents that they were ▉ not served with notice as required by section 9782, Revised Codes, of the motion of the Attorney General asking leave to file counter affidavits and submit oral testimony in opposition to respondents' motion to dissolve, and that therefore "no other course was open to respondents than to deny the Attorney General's motion for such leave." No such notice was necessary. The statute gave the Attorney General the right to submit affidavits and oral testimony; the respondent knew when hearing on their motion to dissolve would be before the court, and the statute advised them of the Attorney General's right to submit such evidence at such hearing. Notice under such circumstances would have been an idle gesture.

The writ will issue directing the district court to revoke its order dissolving the temporary injunction, and permit the Attorney General to file affidavits or counter affidavits and to submit oral testimony, and proceed with the hearing on the motion to dissolve the temporary injunction in accordance with this decision.