STATE EX REL. BERGLAND, ET AL., RESPONDENTS, *v.*
BRADLEY, APPELLANT.

No. 8993.

Submitted October 9, 1950. Decided January 3, 1951.

225 Pac. (2d) 1024.

Mr. Sherman W. Smith and Mr. Lloyd J. Skedd, Helena, for appellant. Mr. Skedd argued orally.

Messrs. Brattin & Habedank, Sidney, for respondent. Mr. Habedank argued orally.

THE HON. W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, disqualified:

This is an appeal from a district court order and decree adjudging a certain building a public nuisance, ordering its abatement and adjudging the owner and occupant, Mrs. Eloise .M. Bradley, locally known as ''Sally,'' guilty of contempt for violating the terms of the temporary injunction theretofore issued.

A chronological resume of the pleadings and procedure that occurred in the lower court will make clear the one issue presented here on this appeal.

A complaint was filed on November 12, 1949; its allegations are on information and belief and its verification is in the usual form prescribed by R. C. M. 1947, sec. 93-3702. On the same day, the judge signed an order to show cause for November 19, 1949, and issued a temporary injunction restraining defendant or any other person occupying the premises from maintaining or permitting said nuisance and from removing fixtures, etc., from said premises. Again, on the same date, November 12, 1949, the judge disqualified himself and called in the Honorable David N. Nyquist, judge of the fifteenth judicial district, to hear, try and determine the proceeding. At the request of defendant's counsel, the hearing on the order to show cause was continued to November 28, 1949. On November 25, 1949, defendant interposed a general demurrer to the plaintiff's complaint. On November 28, 1949, defendant filed a motion to dissolve the temporary restraining order but not to quash the order to show cause. The defendant's demurrer to the complaint was submitted without argument and overruled and the motion to dissolve was argued and overruled. Defendant filed no answer nor did she request time for so doing. At the hearing on the order to show cause after a number of witnesses had testified on behalf of plaintiffs and been subjected to cross-examination by defendant's counsel,

the latter asked to be excused, left the court room and declined to participate further in the proceeding. The taking of proof, however, continued and only ceased when the court became satisfied as to the sufficiency of the proof submitted on the order to show cause.

It would serve no useful purpose to consider the arguments advanced by defendant in support of each of her eleven specifications of error for as a matter of fact, her argument centers around the one question which we here decide. To answer that is to dispose of the case.

The material issue in controversy is: Was the district court without jurisdiction to issue the temporary restraining order.

The temporary restraining order was granted by the court ex parte upon the filing and reading of plaintiff's verified complaint. The complaint recites:

That the relators were citizens of the United States and residents and citizens of Dawson county, state of Montana;

That the relators are informed and believe and therefore allege that on the 11th day of November, 1949, and for many months prior thereto the defendant above named, Mrs. Eloise M. Bradley, has been the record owner of certain described property upon which there is situate a building;

"That said plaintiffs are informed and believe and therefore allege that on the 11th day of November, 1949, and for many months prior thereto, the said building located upon said above-described premises has been and now is used for the purpose of lewdness, assignation, or prostitution, and has been and now is maintained as a place wherein acts of lewdness, assignation, or prostitution are held or occur, all of which is contrary to the form, force, and effect of the statutes and laws of the State of Montana, and against the peace and dignity of the State of Montana; and that said premises constitute a public nuisance and one which under the laws of the State of Montana shall be enjoined, abated, and prevented. * * *

"That plaintiffs are informed and believe and therefore allege

that the defendant above named, Mrs. Eloise M. Bradley is the owner, or lessee, or agent of the building or place in and upon which such nuisance as hereinabove set forth exists.''

The prayer asked for the issuance of a temporary injunction ''directed to the defendant above named as owner, as well as to any lessee or agent of said building upon the premises as above described, enjoining and restraining said owner, lessee, or agent from directly or indirectly maintaining or permitting said nuisance * * * pending a final determination of this cause of action and complaint; and restraining the removal therefrom of any property hereinafter set forth in sub-division 3 of this prayer;

''That * * * an alternative order to show cause [issue] directed to the defendant above named, and to any lessee or agent of said building * * * [to] show cause, if any there be, why said building should not be declared a nuisance as provided by the laws of the State of Montana, and why the owner of said premises, lessee, agent, or any other person occupying the same should not be perpetually enjoined from conducting or maintaining said public nuisance;

''3. That the final order of abatement provide for the removal from the said building upon the said above described premises of all fixtures, musical instruments, gambling paraphernalia, if any, and movable property used in conducting, maintaining, aiding, and abetting the nuisance, and direct the sale thereof in the manner provided for the sale of chattels under execution, and insuring the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of one year from the date of said order, unless sooner released as provided by law, and that the proceeds from the sale thereof be applied as follows: * * *.''

The verification states the names of the relators and recites that each of them ''is one of the plaintiffs named in the foregoing action brought on the relation of the State of Montana against Mrs. Eloise M. Bradley; that he has read the foregoing

complaint, knows the contents thereof, and that the same are true of his own knowledge except those matters and things alleged on information and belief, and as to those matters and things he believes the same to be true." The verification is subscribed and sworn to by each relator before a notary public.

Defendant urges that the provisions of R. C. M. 1947, sec. 93-4205, are controlling, same statute providing:

"The injunction order may be granted at the time of issuing the summons upon the complaint, or at any time afterward, before judgment, upon affidavits. In the one case, the complaint, with or without affidavits to support it, and, in the other, the affidavits shall show satisfactorily that sufficient grounds exist therefor. An injunction order shall not be granted on the complaint alone, unless:

"1. It be duly verified;

"2. The material allegations of the complaint, setting forth the grounds therefor, *be made positively and not upon information and belief.*

"When granted on the complaint, a copy thereof, including the verification, shall be served with the injunction order; when granted upon the complaint, with affidavits to support it, or upon affidavits alone, a copy of the affidavits likewise shall be served with the injunction order. Any person qualified to serve a summons may serve the order and affidavits." Emphasis supplied.

The instant proceedings were brought under and by virtue of the provisions of R. C. M. 1947, secs. 94-1001 et seq., originally enacted as Chapter 95, Laws of 1917. These sections provide the special and exclusive remedy for cases of this kind.

Section 94-1003 provides:

"Whenever there is a reason to believe that such nuisance is kept, maintained, or exists in any county of the state of Montana, the county attorney must, or any citizen of the county may, maintain an action in equity in the name of the state of Montana upon the relation of such county attorney or citizen as the case

may be to abate and prevent such nuisance and to perpetually enjoin the person or persons conducting or maintaining the same, and the owner, lessee, or agent of the building, or place, in or upon which such nuisance exists, from directly or indirectly maintaining or permitting such nuisance.

"No warrant shall be issued against the owner of a private dwelling occupied as such, unless some part of it is used as a store or shop, hotel or boarding-house, or for any other purpose than a private residence, or unless such residence is a place of public resort."

The law providing for temporary injunction says: "The complaint in such action must be verified unless filed by the county attorney. Whenever the existence of such nuisance is shown in such action *to the satisfaction of the court or judge* thereof, either by *verified* complaint or *affidavit,* the court or judge shall allow a temporary writ of injunction to abate and prevent the continuance or recurrence of such nuisance." R. C. M. 1947, sec. 94-1004. Emphasis supplied.

R. C. M. 1947, sec. 94-1004, controls the instant case. Simply stated it provides that the county attorney may file an unverified complaint, while a complaint by any other person must be verified or an affidavit filed, to set in motion the discretion of the judge and invoke the remedy of a temporary restraining order.

R. C. M. 1947, sec. 93-3702, provides: "All complaints, answers, and replies must be verified as provided in this section, except that when an admission of the truth of the allegation might subject the party to a prosecution for felony or misdemeanor, or when the action or defense is in behalf of the state, county, or a subdivision thereof, or a municipal corporation, the verification may be omitted. The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated on information and belief, and that as to those he believes it to be true. Such verification must be made by the party, or, if there are several parties united in interest or pleading, by one at least of such

parties acquainted with the facts, if such party is in the county and capable of making the affidavit. * * *"

In R. C. M. 1947, sec. 93-4205, cited by defendant, the words "duly verified" do not stand alone but the legislature has added the additional requirement of sub-section 2 which provides: "The material allegations of the complaint, setting forth the grounds therefor, be made positively and not upon information and belief."

But no such provision is made in R. C. M. 1947, sec. 94-1004. Must this court now add the additional requirement of positive verification? These cogent reasons insist on a negative answer.

The procedure for the abatement of a nuisance *per se* provided by the statute is that set forth in R. C. M. 1947, sec. 94-1004, and the general procedure for the issuance of an injunction in ordinary civil actions has no application. See Ex parte Brambini, 192 Cal. 19, 218 Pac. 569; McFarland v. United States, 7 Cir., 295 F. 648; and Druggan v. Anderson, 269 U. S. 36, 46 S. Ct. 14, 70 L. Ed. 151.

The temporary restraining order issued merely preserved the status quo by prohibiting the removal of fixtures, musical instruments, etc., used in conducting the nuisance and restrained the defendant from continuing to maintain a house of prostitution. There was no interference with lawful use of the premises preceding the hearing of the order to show cause. Such a restraining order issued ex parte has been uniformly sustained. See Annotation, 152 A. L. R. 168.

State ex rel. Bottomly v. District Court, 115 Mont. 400, 143 Pac. (2d) 559, is not authority for the proposition that the general procedure prescribed in sections 93-4201—93-4216 for the issuance and hearing of civil injunctions is applicable to public nuisances. Reference to those sections is only made where the law does not direct the manner in which the court shall proceed. In the instant case the complaint was sufficient to move the discretion of the court and no reference to any other section of the Code was necessary. In State ex rel. Bottomly v. District Court,

the court permitted the introduction of evidence by way of affidavits and oral testimony on the part of the defendant in support of a motion to dissolve a temporary restraining order. Under such circumstances this court held that the relator could introduce counter-affidavits and contraverting testimony. In that case, which arose upon a petition for supervisory control, the sole question before the court was the right to introduce such controverting testimony and the case is limited to that question. Where, as here, the procedure is clearly set forth in the abatement statute, there is no necessity to refer to general procedural sections for guidance.

The complaint was sufficient as the basis for a permanent injunction and the testimony is overwhelming to show the place in question was a nuisance. Sally's place was a house of prostitution.

We hold that the complaint provided for by R. C. M. 1947, sec. 94-1003, filed by a person other than the county attorney, if verified pursuant to R. C. M. 1947, sec. 93-3702, is sufficient for the issuance of a temporary injunction.

The judgment and order appealed from are affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, ANGSTMAN and METCALF, concur.