STATE OF MONTANA, EX REL., EUGENE O. THOMPSON, D/B/A SPORTS ENTERPRISES, RELATOR, *v.* DISTRICT COURT, FOURTH JUDICIAL DISTRICT, MISSOULA COUNTY, AND THE HON. C. E. COMER, JUDGE THEREOF, RESPONDENTS.

No. 9812.
Submitted May 21, 1957. Decided July 8, 1957.
Rehearing Denied July 30, 1957.
313 Pac. (2d) 1034.

Mr. D. A. Paddock and Mr. Robert R. Skelton, Missoula, for relator.

Mr. Anthony F. Keast, County Atty., Mr. Lyman J. Hall and Mr. H. J. Pinsoneault, Deputy Co. Attys., Missoula, for respondent.

Mr. Skelton and Mr. Keast and Mr. Pinsoneault argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding.

On April 25, 1957, a number of property owners and residents of the East Missoula community filed complaint in the district court of Missoula County, wherein Eugene O. Thompson, doing business as Sports Enterprises, a fictitious name, was the defendant.

The complaint alleged that the defendant, his agents, servants and employees were in possession and exercising incidents of ownership of a tract of land comprising eight acres, more or less, situated immediately adjacent and contiguous to properties of the plaintiffs located in the East Missoula community; that the defendant intends to use the tract of land for the purpose of constructing and establishing a stock car race track; that the plaintiffs made strong protests to the defendant as soon as they became aware of the contemplated plan of the defendant; that at the time of the filing of the complaint no substantial improvements had been made or placed on the property, and in fact nothing had been done except to survey the tract and remove the top-soil; that the plaintiffs through counsel formally requested the defendant not to proceed with the stock car race track project, but that the defendant has refused the request and will proceed, unless restrained, enjoined and prevented from so doing by order of the court; that in order to reach the proposed race track it is necessary to drive along the highway through the East Missoula community; that if the track is con-

structed there will be a constant number of stock car drivers with stock cars driving the streets of the East Missoula community, in addition to the procession of enthusiasts endeavoring to reach the race track; that thereby there will be placed in the East Missoula community a situation which will be a constant reminder of speed, unsightly trash strewn over the streets, demolished bodies or disabled stock cars left to junk and a hazard to life and limb of the residents of the community, particularly the children thereof; that the children of the community are accustomed to playing in the streets and the extra traffic will cause extreme worry and concern to the parents of the children; that the proposed race track as projected and planned by the defendant will bring an atmosphere of dust, noise, fumes, gases and smoke into the homes of the community and cause the residents both physical and mental distress, disturbances and discomfort; that the impact of these matters upon the residents of the community will cause it to cease to be a happy and attractive place for homes and outdoor recreation and pleasures and the existing values of the property will be seriously depreciated and reduced; that there is no need or necessity for the defendant to place a stock car track in the community, and by doing so against the protests of the residents thereof, it is not fair, just, or equitable for the defendant to proceed therewith; that if the defendant is permitted to proceed with the project the residents of the community will be greatly and irreparably damaged and harmed, and the plaintiffs have no adequate remedy at law unless defendant is restrained from the proposed action.

Plaintiffs prayed that an injunction be issued by the court enjoining and restraining defendant from establishing, maintaining and operating upon his property the proposed stock car race track, and that the court make and issue an order requiring defendant to appear and show cause why injunction should not issue; that pending the hearing on the order to show cause that the court issue a restraining order until the matter could be heard.

Summons in the usual form was issued on the same day, at

which time the court issued an order to show cause and restraining order which required the defendant to appear before the court on April 29, 1957, at 9 :00 a. m., to show cause why order of the court should not be made enjoining and restraining the defendant, his servants, agents and employees from progressing further with the construction and erection of the proposed stock car race track in the community of East Missoula, and from doing any further work in connection therewith or pursuant to said project. It was further ordered that pending the hearing the defendant be restrained and enjoined from progressing further with the project and from doing any further work in connection therewith or pursuant thereto. No bond was required to be filed by the court in connection with the issuance of the restraining order.

The summons, complaint, order to show cause and restraining order were served on the defendant on April 25, 1957, sometime late in the evening.

On the morning of April 26, 1957, the defendant caused to be filed in said action an affidavit wherein defendant stated that he had purchased the eight acres of land on or about April 15, 1957, and undertook the construction of a sport's arena for several purposes and for the particular purpose of conducting stock car races; that he had undertaken to clear the area for the purpose of construction; that at or about midnight on April 25, 1957, he had been served with the papers hereinbefore referred to; that he had no notice of any kind of the application for the order; that it was necessary for the race track, in order for it to be profitable, and useful in the year 1957, to be ready for use on or before May 15, 1957, by reason of the fact that the defendant had engaged a show, acts and other attractions in advance for showing, and that if he lost the revenue from May 15, to Memorial Day week end that several thousand dollars would be lost to him; that he had a contract to make payments upon the land which if not paid would subject him to the loss of his investment; that defendant had earth-moving equipment upon the premises at a cost of $200 per day; that he had no

adequate or speedy remedy at law which would remedy the situation in time to save him suffering a great and irreparable loss between now and the date of the hearing; that he had committed no nuisance and intends to commit none; that all he had done so far was to clear top-soil off the ground in preparation for construction; that the operation of the defendant was no more odious or unsightly than lumber mills, wrecking yards, gravel pits and clay pits now being operated in the area; and that there are few, if any, houses so located that they can see the operations now being conducted by the defendant.

Allegations were also made in the affidavit that no service of an original order to show cause and restraining order had been made upon defendant or exhibited to him, and that no original summons was exhibited to him or served upon him.

The concluding paragraph and prayer of the affidavit is as follows:

"Wherefore, defendant prays that this order be set aside by reason of the fact that no service has been properly made on the defendant of the said Order, and he appears specially for this purpose and this purpose alone.

"2. Great and irreparable harm will accrue to him if the order is continued in force till the hearing on this and the other questions may be had at the time set therefor,

"3. That there is no showing in the complaint of the plaintiffs that a law has been violated or that a nuisance has been committed,

"4. That such nuisance as is alleged in the complaint of the plaintiffs is prospective merely and not actual or existing,

"5. And such other and further relief as to the court may seem meet, just and equitable, under Section 93-4211, R.C.M. 1947."

The defendant and his counsel and counsel for the plaintiffs appeared in court the morning of April 26, 1957, at which time defendant made a motion to set aside the operation of plaintiffs' restraining order until the order to show cause could be heard on April 29, 1957. The court ordered counsel to return

at 1:00 p. m. on that date, and at that time stipulation was entered into whereby the restraining order would not apply to dirt moving operations until after the hearing of the order to show cause on April 29, 1957. At the same time the defendant waived his rights to any claim for damages against the plaintiffs by virtue of the issuance of the restraining order.

On April 29, 1957, at the time set for the hearing, defendant's counsel orally objected to the restraining order and hearing, contending that the complaint in the action was insufficient, which objection was overruled by the court which held that the complaint stated facts sufficient to constitute a cause of action. The court then proceeded to hear the matter, and at that time the only papers filed in the court were the complaint and defendant's affidavit. The hearing commenced on the 29th and continued on the 30th day of April, 1957, upon which date the defendant filed and served a demurrer and a notice of hearing of demurrer, wherein it was set for May 6, 1957. The hearing continued through May 1, 1957. Following the taking of testimony the court viewed the premises and after returning to the courtroom plaintiffs moved the court for a permanent injunction, and defendant moved that in the event the restraining order was granted plaintiffs, that plaintiffs be required to post a bond in the sum of $18,602. The matter was submitted to the court and by it taken under advisement.

On May 2, 1957, the court made and entered an order for injunction which concluded:

"It Is Now Hereby Ordered that the Clerk of this Court issue under his hand and seal injunction herein enjoining and restraining the said defendant, Eugene O. Thompson, his agents, servants and employees, and all other persons who may be interested with him, undisclosed, from establishing, maintaining, building and operating upon the property described in the Complaint herein the said proposed stock car race track,, and that all work and labor thereon immediately cease."

On May 2, 1957, a permanent injunction was issued out of the office of the clerk of court, which provided:

"Now, Therefore, It Is Hereby Ordered, that the said Eugene O. Thompson, d/b/a Sports Enterprises, his agents, servants, employees, assigns, transferees and successors in interest, and all other perons who may be interested with him, undisclosed, are hereby permanently enjoined and restrained from establishing, maintaining, building and operating upon the said property described in the complaint herein, the said proposed stock car race track, and that all work and labor thereon immediately cease."

The original petition in this court was filed herein on May 3, 1957, and ex parte an order was issued herein granting an alternative writ of prohibition and vacating the permanent injunction order, and alternative writ of prohibition was thereupon issued, returnable before this court on May 21, 1957.

Upon the return day the respondents filed herein a motion to quash the alternative writ, and by leave of court, without prejudice to the motion, filed an answer and return.

While there are several points raised by the relator and answered by the respondent, the main issue, so far as the court is concerned, is whether or not the district court was acting within jurisdiction in ordering a permanent injunction in the situation that existed.

In Sheridan County Electric Co-Op., Inc., v. Ferguson, 124 Mont. 543, 554, 227 Pac. (2d) 597, 603, Mr. Chief Justice Adair, in the opinion of the court therein, stated:

"Our Codes, R.C.M. 1947, section 93-4201 to 93-4216, inclusive, govern the issuance of injunction orders. There are three kinds of such orders, namely, (1) 'restraining orders', (2) 'temporary injunctions' and (3) 'perpetual injunction'.

"Any order which requires a person to refrain from a particular act for any period of time, no matter what its purpose, is an 'injunction'. This applies to a 'restraining order'. R.C.M. 1947, section 93-4201; Labbitt v. Bunston, 80 Mont. 293, 260 Pac. 727, 730.

"A 'restraining order' is an interlocutory order issued upon an application for an injunction and generally made without

notice to the opposite party and intended only as a restraint upon him to preserve the status of the matters in litigation until a hearing on an order to show cause may be held and concluded and the propriety of granting a 'temporary injunction' can be determined. Compare Rea Bros. Sheep Co. v. Rudi, 46 Mont. 149, 159, 127 Pac. 85; Wetzstein v. Boston & M. Consol. Copper & Silver Min. Co., 25 Mont. 135, 63 Pac. 1043, 1044.

"In a suit for a perpetual injunction, a 'temporary injunction' is merely an ancillary writ or provisional remedy which the plaintiff is at liberty to apply for or not as he desires and it is generally issued on notice and after hearing, its only object being to maintain the status quo until plaintiff may have opportunity for a trial of his suit on the merits. Unless sooner dissolved it is effective until final hearing on the merits.

"A 'permanent' or 'perpetual injunction' is in no sense a provisional remedy. It issues as a judgment which finally settles the rights of the parties after final determination of all the issues raised."

It is contended by the respondent that the affidavit filed by ▮ the relator constituted a responsive pleading in answer to the plaintiff's complaint.

R.C.M. 1947, section 93-4208, provides: "If the court or judge deem it proper that the defendant, or any of the several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted, and the defendant may in the meantime be restrained. *Cause may be shown upon affidavits or oral testimony.*" Emphasis supplied.

R.C.M. 1947, section 93-4210, provides: "Upon the hearing of a contested application for an injunction order, or to vacate or modify such an order, *a verified answer has the effect only of an affidavit.*" Emphasis supplied.

R.C.M. 1947, section 93-4211, provides: "If an injunction order be granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, or upon order to show cause returnable at a specified time or forthwith, after

service thereof, to the judge who granted the injunction order, or to the court in which the action is brought, to dissolve or modify the same. The application may be made upon the complaint and affidavit on which the injunction order was granted, *or upon affidavit on part of defendant, with or without the answer*. If the application be made upon affidavits on part of defendant, but not otherwise, the plaintiff may oppose the same by affidavits or oral testimony, in addition to those on which the injunction order was granted. The defendant may also use oral testimony.'' Emphasis supplied.

In the face of these statutory enactments recognizing that cause may be shown by a defendant upon affidavits or oral testimony; that a verified answer has the effect only of an affidavit; and that upon application to dissolve or modify an injunction order by a defendant the application may be made upon an affidavit on the part of the defendant, with or without answer, the position taken by the respondent is untenable.

The defendant in the district court, relator here, is entitled to his day in court, and to have the cause tried upon the merits upon proper pleadings before any final decree is rendered. The situation herein is akin to that in Galloway v. Stone, 208 N.C. 739, 182 S.E. 333. In that action a temporary restraining order was issued with order to show cause in an action for an injunction. Upon consideration of the complaint and answer and the supporting affidavits offered by the plaintiffs and the defendants, judgment was rendered decreeing a permanent injunction, from which judgment the defendants appealed. The supreme court stated: ''The only question presented by this appeal is whether a permanent injunction was proper. Defendants concede that the facts found by the court below are sufficient to justify a continuance to the hearing, but they maintain they are entitled to a day in court to determine in some proper way the issues raised by the pleadings; and in this we concur.''

In Fadely v. Tomlinson, 41 W. Va. 606, 24 S.E. 645, 646, a case involving an injunction was not yet at issue. Upon a motion to dissolve the injunction, the court proceeded to deny the

motion and to enter a final decree. In that cause the supreme court in reversing the lower court stated: ''There is no pleading of any kind to justify the decree, and all decrees must be justified by pleadings as well as by proof.''

Issues are framed by pleadings, R.C.M. 1947, section 93-4901, subd. 2, and 93-4902.

''When the parties to a suit have filed all their pleadings and pleading has ended, the case is at issue. Andrew Stephens on Pleading, 2d. Ed., 147; 2 Cooley's Blackstone, 1091; Black's Law Dictionary, 657; Dickerson v. Stoll, 24 N.J.L. 550.'' Roush v. District Court, 101 Mont. 166, 53 Pac. (2d) 96, 97.

In this action there is a demurrer pending as the sole pleading on behalf of the defendant, certainly the cause is not at issue and is not ready for trial. This case was not before the court on its merits at the time the court issued the order for the permanent injunction, which in effect would constitute a final judgment insofar as the rights of the defendant were concerned. Ordinary procedure demands that litigants have an opportunity to present defenses before judgment is entered against them.

It is further clear in this cause that the allegations of the ▇ complaint entitle the plaintiffs to no relief whatever; that the district court erred in granting the injunctive orders and they are vacated, annulled and set aside; and the district court is prohibited from further proceeding other than to dismiss the action with prejudice.

MR. JUSTICES CASTLES, BOTTOMLY, ANGSTMAN and ADAIR, concur.