STATE OF MONTANA ex rel. JOHN C. HARRISON, County Attorney of Lewis and Clark County, Montana, Plaintiff and Respondent, v. DOROTHY JOSEPHINE BAKER, Defendant and Appellant.

No. 9852.
Submitted April 6, 1959. Decided May 28, 1959.
340 Pac. (2d) 142.

Rankin & Acher, Helena, for appellant. Wellington D. Rankin and Arthur P. Acher, Helena, argued orally.

Clarence Hanley, Deputy County Atty., John C. Harrison, County Atty., Helena, for respondent. Clarence Hanley, Deputy County Atty., argued orally.

THE HONORABLE ERNEST E. FENTON, District Judge, sitting in place of MR. JUSTICE CASTLES.

The respondent brought proceedings in the court below to abate a nuisance as defined in R.C.M. 1947, section 94-1002, alleged to exist at 17½ South Main Street in Helena, Montana. Summons was issued on December 13, 1956. On the following day a temporary restraining order was issued directing the defendant to appear on December 28, 1956, to show cause why she should not be enjoined and restrained "during the pendency of this action" from using the premises as a place

of prostitution, and to further show cause why the court should not issue an order of abatement providing for the removal of fixtures, musical instruments and other movable property used in maintaining said nuisance and providing for the sale thereof. A hearing was held on December 28, 1956. On December 29, 1956, objections were filed to the entry of an injunction order on the ground, among others, that appellant still had additional time for a general appearance. On January 2, 1957, appellant's motion to strike certain portions of the complaint was filed, and on January 10, 1957, a final injunction order was signed closing the premises for one year, forever enjoining the appellant from using the same for unlawful purposes, and ordering that beds, bedding, linens, chairs, carpets, and musical instruments be removed and sold by the sheriff. A motion to vacate the injunction and order of abatement was then made upon the ground, among others, that the granting of final relief was premature in that the cause was still pending on the above-mentioned motion to strike. This appeal followed the denial of the motion to vacate the injunction.

The first question presented by the appeal concerns the power of the district court, following the hearing upon the order to show cause, to grant a permanent injunction and to order a sale of the personal property in the abated premises.

Two sections of our code of civil procedure relating to injunctions (R.C.M. 1947, sections 93-4210, 93-4211) have heretofore been applied as governing and controlling the procedure in abatement proceedings. State ex rel. Bottomly v. District Court, 115 Mont. 400, 143 Pac. (2d) 559.

In State ex rel. Bergland v. Bradley, 124 Mont. 434, 225 Pac. (2d) 1024, the court held that a complaint verified on information and belief was sufficient to warrant the issuance of a temporary restraining order, notwithstanding the requirement of the code of civil procedure, R.C.M. 1947, section 93-4205, that an injunction order may not be issued unless the material allegations of the complaint are "made positively and not upon information and belief." It was held that R.C.M.

1947, section 94-1004, relating to abatement proceedings, was controlling, and that since that statute included no requirement of a positive verification, such a requirement could not be added by the court. Respondent relies upon a statement in the last-cited case which, standing alone, might be construed as indicating that the general procedure for the issuance of an injunction in an ordinary civil action has no application to abatement proceedings. That statement, however, was limited to the procedure specified in R.C.M. 1947, section 94-1004. The court then went on to say: "State ex rel. Bottomly v. District Court, 115 Mont. 400, 143 Pac. (2d) 559, is not authority for the proposition that the general procedure prescribed in sections 93-4201 — 93-4216 for the issuance and hearing of civil injunctions is applicable to public nuisances. *Reference to those sections is only made where the law does not direct the manner in which the court shall proceed.*" [124 Mont. 434, 225 Pac. (2d) 1027.] Emphasis supplied.

The statutes relating to abatement proceedings, R.C.M. 1947, sections 94-1001 — 94-1011, do not direct the manner in which the court shall proceed from and after the issuance of the temporary restraining order until the entry of judgment. This proceeding is denominated "an action in equity in the name of the state of Montana." R.C.M. 1947, section 94-1003. It is a civil suit. State ex rel. Nagle v. Naughton, 103 Mont. 306, 309, 63 Pac. (2d) 123; State ex rel. Lamey v. Young, 72 Mont. 408, 412, 234 Pac. 248; State ex rel. Bourquin v. Morris, 67 Mont. 40, 45, 214 Pac. 332. Being civil in nature, suits to abate public nuisances must be governed by the same rules applicable in other injunction suits where no other statutory direction is given as to the manner in which the court shall proceed.

The rules of practice and procedure governing other injunction suits do not permit the granting of a permanent injunction until a final judgment is rendered. In State ex rel. Thompson v. District Court, 132 Mont. 53, 59, 313 Pac. (2d) 1034, 1037, the court said:

"While there are several points raised by the relator and answered by the respondent, the main issue, so far as the court is concerned, is whether or not the district court was acting within jurisdiction in ordering a permanent injunction in the situation that existed.

"In Sheridan County Electric Co-Op, Inc. v. Ferguson, 124 Mont. 543, 554, 227 Pac. (2d) 597, 603, Mr. Chief Justice Adair, in the opinion of the court therein, stated:

"'Our Codes, R.C.M. 1947, section 93-4201 to 93-4216, inclusive, govern the issuance of injunction orders. There are three kinds of such orders, namely, (1) "restraining orders," (2) "temporary injunctions" and (3) "perpetual injunctions."

"'Any order which requires a person to refrain from a particular act for any period of time, no matter what its purpose, is an "injunction." This applies to a "restraining order." R.C.M. 1947, section 93-4201; Labbitt v. Bunston, 80 Mont. 293, 260 Pac. 727, 730.

"'A "restraining order" is an interlocutory order issued upon an application for an injunction and generally made without notice to the opposite party and intended only as a restraint upon him to preserve the status of the matters in litigation until a hearing on an order to show cause may be held and concluded and the propriety of granting a "temporary injunction" can be determined. Compare Rea Bros. Sheep Co. v. Rudi, 46 Mont. 149, 159, 127 Pac. 85; Wetzstein v. Boston & M. Consol. Copper & Silver Min. Co., 25 Mont. 135, 63 Pac. 1043, 1044.

"'In a suit for a perpetual injunction, a "temporary injunction" is merely an ancillary writ or provisional remedy which the plaintiff is at liberty to apply for or not as he desires and it is generally issued on notice and after hearing, its only object being to maintain the status quo until plaintiff may have opportunity for a trial of his suit on the merits. Unless sooner dissolved it is effective until final hearing on the merits.

"'A "permanent" or "perpetual injunction" is in no sense a provisional remedy. It issues as a judgment which finally

settles the rights of the parties after final determination of all the issues raised'.''

The above-stated rules are applied to abatement proceedings similar to the case at bar in section 441, 30 Am. Jur., Intoxicating Liquors, 775, wherein it is said that ''the court may not on an interlocutory hearing adjudicate the defendant's place of business to be a nuisance and order it abated, since such order is tantamount to a final judgment.'' See, also, Pullen v. Meadors, 196 Ga. 796, 27 S.E. (2d) 655.

The statutes relating to abatement proceedings do contain specific directions as to how the court shall proceed if judgment is entered against the defendant. It is provided by R.C.M. 1947, section 94-1007, that ''if the existence of the nuisance be established in an action as provided herein, an order of abatement shall be entered *as a part of the judgment in the case,* which order shall direct the removal from the building or place of all fixtures, musical instruments, gambling paraphernalia, and movable property used in conducting, maintaining, aiding or abetting the nuisance, and shall direct the sale thereof.'' Emphasis supplied.

In Corcoran v. Fousek, 125 Mont. 223, 224, 233 Pac. (2d) 1040, 1041, it is stated that ''A judgment is the final determination of the rights of the parties in an action or proceeding. R.C.M. 1947, section 93-4701. See also State ex rel. Meyer v. District Court, 102 Mont. 222, 57 Pac. (2d) 778, and State Bank of New Salem v. Schultze, 63 Mont. 410, 209 Pac. 599, 'If the ''order'' has the effect of finally determining the rights of the parties, in other words, disposed of the case finally, it is a ''judgment,'' the ''title to the instrument'' being not conclusive; it is to be judged by its contents and substance.' State ex rel. Meyer v. District Court, supra. [102 Mont. 222, 57 Pac. (2d) 780.] See also Ross v. Greenwald, 112 Mont. 324, 115 Pac. (2d) 290.''

Under the foregoing definition, the injunction and order of abatement in this proceeding was a final judgment. The appellant's motion to strike was a pleading, and the mov-

ant is allowed time "to further plead after the court makes its order or decision on his motion." McLeod v. McLeod, 124 Mont. 590, 592, 228 Pac.( 2d) 965, 967. Hence the district court erred in granting the final injunction and order of abatement while the motion to strike was pending and before issues had been finally joined. "The defendant in the district court * * * is entitled to his day in court, and to have the cause tried upon the merits upon proper pleadings before any final decree is rendered." State ex rel. Thompson v. District Court, 132 Mont. 53, 61, 313 Pac. (2d) 1034, 1038.

The second question presented by the appeal is raised by ▆ respondent's contention that an answer in the form of a general denial was orally interposed by the following exchange between the court and one of appellant's attorneys: "The Court: Is it your position, Mr. Rankin, that the allegations will be deemed denied? Mr. Rankin: Yes, your Honor." Both sides then declared they were ready to proceed, a jury was impaneled in an advisory capacity, and testimony was received. It is stated in respondent's brief that at the time of the hearing appellant did not request leave to file a written pleading; that the defendant therefore obviously considered the cause at issue; and by proceeding to trial the appellant joined in a final submission of the cause upon the merits.

No authority is cited in support of the foregoing contentions. To the contrary thereof is the provision of R.C.M. 1947, section 93-4208, that, in a hearing of this nature, "Cause may be shown upon affidavits or oral testimony." Even though an answer in writing had been filed, it would not have had the effect of placing the cause in a condition to be finally submitted upon the merits at the time of the hearing upon the order to show cause, since R.C.M. 1947, section 93-4210, provides that "upon the hearing of a contested application for an injunction order * * * a verified answer has the effect only of an affidavit."

The district judge was not authorized, upon the interlocutory hearing, to enjoin the defendant permanently as his order

purported to do. Accordingly, the order of the district court is modified as follows: Direction is hereby given that the injunction and order of abatement be amended so that the appellant will be enjoined only until final trial, or further order of the district court. The personal property mentioned in the order of abatement shall, by order of the district court, be returned by the sheriff and the appellant shall by said order be enjoined and restrained from removing the same until final trial, or further order of the district court.

It is so ordered.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ANGSTMAN and ADAIR, concur.

MR. JUSTICE BOTTOMLY: (dissenting).

I dissent.

In my opinion the district judge was correct in his ruling and in entering his order of abatement therein, where as here, the complaint and evidence showed *prima facie* that the premises constituted a nuisance *per se*.

The district judge followed the procedure provided by the Legislature in the special act contained in Chapter 95, Laws of Montana 1917, now Chapter 10, Volume 8, R.C.M. 1947, which incorporates the complete and exclusive law and procedure prescribed by the Legislature to apply in abating buildings used for the purpose of lewdness, assignation or prostitution.

The defendant's motion to quash was abandoned by defendant before the trial, by the defendant's attorney advising the court that they did not care to argue it.

The court then inquired of defendant's counsel if it was their position hat the allegations were deemed denied and being informed by defendant's counsel that they were, the court then inquired if the state and defendant were ready to proceed, and the attorney for each answering in the affirmative, the court ordered the jury to be, and it was, impanelled in an advisory

capacity and testimony was presented. Thereafter and on January 10, 1957, the district judge signed his order, and decree, abating the premises therein described, having found from the evidence presented "That said premises are now and have been for many months past used and operated as a place wherein prostitution occurs. * * *

"That said premises therefore constitute a public nuisance as set forth in section 94-1002, Revised Codes of Montana 1947."

The trial court herein should not be placed in error for following the mandate of the Legislature in this action. The result of the majority opinion in this case is to cause more delay and frustration for the administrative law enforcement department of government. Thus courts are subject to more criticism of "The Law's delay."